HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* JOHN M. KURTZ et al., Defendants.

CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY OF PHILADELPHIA, Appellant.

1. LIQUOR TAX LAW — GAMBLING UPON PREMISES — LIABILITY OF SURETY UPON BOND. A surety upon the bond required by section 18 of the Liquor Tax Law (L. 1896, ch. 112, as amd. L. 1897, ch. 312), one of the conditions of which was that the principal would not permit gambling upon the premises, is not relieved from liability for a breach of that condition because of a subsequent provision in the bond that it was "to cover every violation of the Liquor Tax Law" which at the time the bond was given did not prohibit gambling, inasmuch as the parties must have intended that the bond should cover the case of gambling upon the premises as well as any violation of the provisions of the law itself.

2. CERTIFICATE HOLDER RESPONSIBLE FOR CONDUCT OF BUSINESS. Where a liquor tax certificate has been issued or transferred to a person upon his application and filing of a bond, he is the principal whom the law will look to during the conduct of the business and will hold responsible for compliance with the statutory provisions.

3. SLOT MACHINE, WHEN A GAMBLING DEVICE. A slot machine, when a contrivance or apparatus by which it is determined who, as between the player and proprietor, is the winner or loser of money hazarded, is a gambling device.

4. PLEADING — AMENDMENT OF COMPLAINT. An amendment of the complaint in an action upon the bond, by alleging that the certificate was transferred to the principal instead of issued to him, is properly allowed under section 723 of the Code of Civil Procedure when the surety could in no manner have been prejudiced thereby.

*Lyman* v. *Kurtz*, 48 App. Div. 633, affirmed.

(Argued March 11, 1901; decided March 22, 1901.)

APPEAL from a judgment in favor of plaintiff, entered February 23, 1900, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which affirmed an order of the Trial Term denying a motion for a new trial after a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Van Voorhis* for appellant. The complaint does not set forth a cause of action, and error was committed in denying defendant's motion to dismiss it upon that ground. (*Nat. M. B. Assn.* v. *Conkling,* 90 N. Y. 116; *Ward* v. *Stahl,* 81 N. Y. 406; *People* v. *Pennock,* 60 N. Y. 421; *Page* v. *Krekey,* 137 N. Y. 307; *Magee* v. *M. L. Ins. Co.,* 92 U. S. 93; *Holmes* v. *Hubbard,* 60 N. Y. 183; *Hinckley* v. *Kreitz,* 58 N. Y. 583; *Kellogg* v. *Stockton,* 29 Penn. St. 460; *Matter of Lyman,* 160 N. Y. 96.) The plaintiff's evidence failed to establish a cause of action. (*People ex rel.* v. *Lyman,* 156 N. Y. 407; 27 App. Div. 527; *Matter of Lyman,* 26 Misc. Rep. 300; *Matter of Mitchell,* 41 App. Div. 271; *Niles* v. *Mathusa,* 162 N. Y. 546; 20 App. Div. 483; *Matter of Jenney,* 19 Misc. Rep. 244; *Lyman* v. *Schermerhorn,* 53 App. Div. 32; *Nat. M. B. Assn.* v. *Conkling,* 90 N. Y. 116; *People ex rel.* v. *Higgins,* 151 N. Y. 570; *Sullivan* v. *Alexander,* 19 Johns. 233; *U. S.* v. *Tingey,* 5 Pet. 114.) It was error to deny the motion for a nonsuit at the close of the evidence. (*George* v. *Gobey,* 128 Mass. 289; Mechem on Agency, §§ 745, 746.) It was error to permit the plaintiff to amend his complaint upon the trial. Under the allegations of the complaint it was impossible for the plaintiff to make out a cause of action. The amendment made a new cause of action. (*Barnes* v. *Seligman,* 55 Hun, 339; *Rutty* v. *C. F. J. Co.,* 52 Hun, 492; *Romeyn* v. *Sickles,* 108 N. Y. 650.)

*Elbridge L. Adams* for respondent. The keeping of a slot machine on the licensed premises, which the public might and did use, was a breach of the condition of the bond against gambling. (*Loiseau* v. *State,* 114 Ala. 134; *Kohlsorn* v. *State,* 97 Ga. 343; *Bobel* v. *People,* 173 Ill. 119; *Lyman* v. *Brucker,* 42 App. Div. 624.) The appellant surety company is estopped by the recitals in the bond from questioning that John M. Kurtz was the principal for whose good conduct it was bounden. (*Lyman* v. *R. T. Ins. Co.,* 37 App. Div. 234; *Decker* v. *Judson,* 16 N. Y. 442; *Harrison* v. *Wilkin,* 69 N. Y. 413; *Bowne* v. *Mellor,* 6 Hill, 496; *Burrows* v.

*Turner,* 24 Wend. 275; *Gregory* v. *Levy,* 12 Barb. 610.) The argument that the bond was intended to cover only violations of the Liquor Tax Law, and that gambling was not a violation of that law as it stood at the time the bond was given, is not sound. (*French* v. *Carhart,* 1 N. Y. 96; *Schwartz* v. *Hyman,* 107 N. Y. 562; *White's Bank* v. *Myles,* 73 N. Y. 235; *Lyman* v. *R. T. Ins. Co.,* 37 App. Div. 234; *Lyman* v. *Shen. Social Club,* 39 App. Div. 459.)

GRAY, J. This action was brought by the state commissioner of excise to recover the penalty of a bond; which was executed to the People of the state by the defendant Kurtz, as principal, and by the defendant trust company, as surety. It was given upon the former's application for a liquor tax certificate and was required by the State Liquor Tax Law, in order that the applicant might be authorized to traffic in liquors. (Chap. 312, Laws of 1897, §§ 17, 18.) The recital following the bond, which is in the penal sum of $1,000, states that the principal is about to apply for a liquor tax certificate for trafficking in liquors, at a place therein designated. Then follows the condition of the bond, which is in the following language: "The condition of this obligation is such that if the said tax certificate applied for, as aforesaid, is given unto the said principal, and the said principal will not, while the business for which such tax certificate is given shall be carried on, suffer or permit any gambling to be done in the place designated by the tax certificate in which the traffic in liquors is to be carried on, * * * or suffer or permit said premises to become disorderly, and will not violate any of the provisions of the liquor tax law, * * * then this obligation shall be void, otherwise it is to be and remain in full force and effect to cover every violation of the liquor tax law and all fines and penalties incurred or imposed thereunder. An action for the breach of any condition of this bond may be maintained without previous conviction or prosecution for violation of any provision of the liquor tax law." The complaint sets out a breach of the condition of this bond, in that

the defendant Kurtz permitted gambling to be done, by maintaining an "electric nickel slot machine" upon the premises. The plaintiff had a verdict upon the trial for the amount of the penalty and there has been an unanimous affirmance by the Appellate Division, in the fourth department. The defendant trust company appeals, further, to this court.

In the effort of the appellant to escape liability as surety upon this bond, it has raised several objections; to a few of which reference will be made. Upon the coming on of the cause for trial, the defendants moved to dismiss the complaint upon the ground, among others, that it did not set forth a cause of action, and, under the exception taken to the denial of that motion, it is argued by the appellant that the bond does not cover the breach sued upon; notwithstanding that it is one of its conditions that the principal will not permit any gambling to be done in the place. The argument is, in substance, that the general terms of the obligation are qualified by the language which concludes the clause containing the condition of the obligation and that, thereby, the bond is so restricted as, only, "to cover every violation of the liquor tax law and all fines and penalties incurred or imposed thereunder." It is argued that, if the appellant's liability as surety is not to be extended beyond the strict terms of the contract, then that is confined to violations of the Liquor Tax Law simply and does not comprehend the condition, for breach of which the suit is brought. The rule of law invoked by the appellant depends for its application upon the ascertainment of the intention of the parties to the instrument; which is to be reached upon a consideration of the whole thereof and with the light of the circumstances under which it was made. If it is manifest that it must have been their intention that their obligation should cover the case of gambling upon the premises, as well as a violation of the Liquor Tax Law provisions, then this subsequent language, which is depended upon to qualify the more general terms of the contract, will be inoperative to effect such a result and may be regarded as surplusage; or, perhaps, as an unnecessary

repetition of the principal feature of the obligation and for the sake of emphasis. While the Liquor Tax Law did not, at the time, prohibit gambling, nevertheless, the legislature required, as a condition preceding the issuing of the certificate, that a bond should be executed to the People that the applicant would not permit " any gambling to be done in the place designated by the tax certificate in which the traffic in liquors was to be carried on," in addition to agreeing not to violate any of the provisions of the law itself. The object of the legislature, undoubtedly, was that the place, where the liquor business was to be carried on, should not be characterized by unlawful, or disorderly, conduct and, to secure this end, inserted the requirement in question. The parties obligating themselves to the state in pursuance of the statutory provisions, and for the purpose of procuring the issuing of the certificate, will, necessarily, be presumed to have intended to have come under all the conditions expressed in their contract, which were required by the statute. The language relied upon as qualifying the general conditions of the bond is not, necessarily, inconsistent with their full performance and I think the contention of the appellant is not to be sustained.

It is, further, argued that the plaintiff's evidence failed to make out a cause of action and that the denial of the motion for a nonsuit was error. It is said that the evidence did not prove that any legal tax certificate was ever issued, or transferred, to the defendant Kurtz and that, unless that was established, there could be no liability upon the bond. The question was submitted to the jury upon evidence, whether Kurtz took out, or procured, a tax certificate and whether it was for himself, or for another, and the jurors were instructed that the principal question for them to consider was whether Kurtz was carrying on business for himself, or in such way as gave him the control of the premises and the right to remove the machine. The unanimous affirmance by the Appellate Division of the verdict of the jury is conclusive upon the question and placed it beyond our review. Whether Kurtz was carrying on the business for his own account, or for the

American Brewing Company, as it is claimed, is of no importance upon the question of liability. When a liquor tax certificate has been issued, or transferred, to a person upon his application and filing of a bond, he is the principal whom the law will look to during the conduct of the business and will hold responsible for compliance with the statutory provisions.

But it is further objected by the appellant that there was no gambling and that the " nickel slot machine " was not a gambling device. The mechanism of this machine is such that when a five-cent piece is dropped into one of the several slots, representing several colors, a disk is made to revolve on which are painted corresponding colors and when it ceases to revolve, the color upon its face opposite to a finger determines whether the player has won or lost. Each color has a different value, from ten cents up to one dollar, and if the player has won upon the color selected, the sum won is, by a mechanical device, delivered to him in a cup. The evidence shows the machine to be a contrivance, or apparatus, by which it is determined who, as between the player and proprietor, is the winner, or loser, of the money hazarded. The player stakes, or hazards, his money on a chance and that is sufficient to make out the gambling. Within the general understanding such a machine is a gambling device. (See Wharton's Crim. Law [10th ed.], § 1465b; *Portis* v. *State,* 27 Ark. 362; *State* v. *Grimes,* 49 Minn. 443; *Bobel* v. *People,* 173 Ill. 20; *Kolshorn* v. *State,* 97 Ga. 343.)

It is further contended by the appellant that it was error to permit the plaintiff to amend his complaint upon the trial. The pleading had alleged that the liquor tax certificate had been issued to the defendant Kurtz; whereas it appeared that he was the transferee of a certificate previously issued to some one else, under section 27 of the Liquor Tax Law. The plaintiff asked to amend the complaint by inserting the words " that the certificate was transferred to him," instead of " that the certificate was issued to him." This was allowed over the objection of the appellant's counsel; the court at the same time, however, allowing the appellant to amend its answer in

material respects. Within the rule of the Code, which permits the trial court, upon the trial, in furtherance of justice, and upon such terms as it deems just, to amend a pleading, where the amendment does not change substantially the claim, or defense, by conforming the pleading to the facts proved, (Code of Civ. Pro. § 723), there was no abuse of the discretion, or power, of the court. There was no material change in the plaintiff's claim and it is inconceivable that the appellant could have been prejudiced. By its previous answer, it was expressly admitted that the defendant Kurtz made an application for a liquor tax certificate and it was, also, expressly admitted that he, with the appellant, as surety, executed and delivered the bond set forth in the complaint as a condition of the county treasurer granting the liquor tax certificate to Kurtz "under duress of being compelled to abandon his said business." By the amendment of the answer, as permitted upon the trial, these previous admissions were withdrawn and their subject-matter put in issue. Under the circumstances, it is difficult to see how the defendant could, possibly, have been prejudiced, or surprised, by the amendment.

I think none of the other questions presented by the appellant requires any serious consideration and that, therefore, the judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and CULLEN, JJ., concur; WERNER, J., not sitting.

Judgment affirmed.