(39 Misc. Rep. 641.)

## CULLINAN v. KUCH.

(Supreme Court, Special Term, New York County. December 5, 1902.)

1. INTOXICATING LIQUORS — LICENSE — CANCELLATION — PARTIES — HOLDER OF RECORD.

Under Laws 1897, c. 312, § 28, subd. 2, providing that proceedings to cancel a certificate authorizing the sale of liquors may be maintained against the holder of record where any provision of the liquor tax law is violated, "at the place designated in said certificate as the place where such traffic is to be carried on, by the holder of said certificate, or any person whomsoever in charge of said premises," proceedings to cancel a certificate are properly brought against the one to whom the certificate was issued, though he has no connection with the business or with the violation.

Petition by Patrick Cullinan, state commissioner of excise, against one Kuch for cancellation of a liquor license. Cancellation ordered.

William E. Schenck, for petitioner.
Page & Eckley, for respondent.

BISCHOFF, J. There is no question that violations of the liquor tax law were permitted at the place designated for the sale of liquors in this certificate, and it appears that the business was conducted ostensibly under such certificate. The contention of the respondent is, however, that the business was not his business, nor was he connected in any way with the violations. This may be the fact, but still he cannot resist the cancellation of the certificate for the violations proven, nor escape the incidental liability for costs. As the holder of the certificate, "he is the principal whom the law will look to during the conduct of the business and will hold responsible for compliance with the statutory provisions." Lyman v. Kurtz, 166 N. Y. 274, 59 N. E. 903. The evidence supports the inference of his consent to the use of this certificate by the person in charge of the place, and, indeed, the statute appears to contemplate the responsibility of the holder, irrespective of an actual consent, while the certificate remains in his name, but in the possession of another, at the place designated for traffic in liquors. The proceeding to cancel the certificate is maintainable against the holder of record where any provision of the liquor tax law is violated "at the place designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate, or by his agent, servant, bartender or any

person whomsoever in charge of said premises." Liquor Tax Law, § 28, subd. 2 (Laws 1897, c. 312). The words "any person whomsoever" cannot be taken as restricted to the sense of an agent or servant; for this would render them meaningless, in view of the context, and the statute is to be reasonably construed for the purpose of giving effect to all the words employed (In re New York & Brooklyn Bridge's Trustees, 72 N. Y. 527), there being no ambiguity in the words used such as would call for resort to the doctrine noscitur a sociis. See Black, Interp. Laws, p. 135. The respondent could readily have protected himself against the necessity of responding to such a proceeding as this by causing the certificate to be transferred, under section 27, if it be the fact that he had parted with his interest; but upon the case as it stands my conclusion is that the petitioner is entitled to an order of cancellation, with costs of the proceeding.