Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, for an Order Revoking and Cancelling Liquor Tax Certificate No. 5,888, Issued to OTTO KUCH.

(Supreme Court, New York Special Term, January, 1903.)

Liquor Tax Law — Consent of the holder of a certificate to its use by another — Revocation.

> Where violations of the Liquor Tax Law occur in a place ostensibly conducted under an outstanding liquor tax certificate and the person in charge is using it with the consent of the holder thereof, the statute holds the latter responsible for the violations and for the costs imposed upon a revocation of the certificate.

> *Semble,* that so long as the certificate remains in the name of the holder he will be liable for violations occurring in the place, whether or not he has consented to the use there of his certificate.

APPLICATION for an order revoking and cancelling a liquor tax certificate.

William E. Schenck, for petitioner.

Alfred R. Page, for Otto Kuch.

BISCHOFF, J.   There is no question that the violations of the Liquor Tax Law were permitted at the place designated for the sale of liquors in this certificate, and it appears that the business was conducted ostensibly under such certificate.   The contention of the respondent is, however, that the business was not his business, nor was he connected in any way with the violations.   This may be the fact, but still he cannot resist the cancellation of the certificate for the violations proven, nor escape the incidental liability for costs.   As the holder of the certificate "he is the principal whom the law will look to during the conduct of the business, and will hold responsible for compliance with the statutory provisions."   Lyman v. Kurtz, 166 N. Y. 274.   The evidence supports the inference of his consent to the use of this certificate by the person in charge of the place, and, indeed, the statute appears to contemplate the responsibility of the holder irrespective

41

of an actual consent while the certificate remains in his name, but in the possession of another at the place designated for traffic in liquors.

The proceeding to cancel the certificate is maintainable against the holder of record where any provision of the Liquor Tax Law is violated " at the place designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate, or by his agent, servant, bartender, or any person whomsoever in charge of said premises." Liquor Tax Law, L. 1896, ch. 112, § 28, as amd. L. 1901, ch. 640. The words " any person whomsoever" cannot be taken as restricted to the sense of an agent or servant, for this would render them meaningless, in view of the context, and the statute is to be reasonably construed for the purpose of giving effect to all the words employed (Matter of New York & Brooklyn Bridge, 72 N. Y. 527), there being no ambiguity in the words, and such as would call for resort to the doctrine *noscitur a sociis.* (See Black Interp. Laws, 135.)

The respondent could readily have protected himself against the necessity of responding to such a proceeding as this by causing the certificate to be transferred under section 27, if it be the fact that he had parted with his interest, but upon the case as it stands, my conclusion is that the petitioner is entitled to an order of cancellation, with costs of the proceeding.

Application granted.