Supreme Court, New York City, Appellate Term, November, 1903.
Reported. 85 N. Y. Supp. 324.

### WILLIAM M. FUREY v. JOHN D. O'CONNOR.

**Sales—Delivery on premises—Liquor tax certificate—Nominal holder—
  Liability.**

Defendant, whose name appeared on the liquor tax certificate applicable to a place where merchandise is delivered to another conducting a saloon there, is not liable to the seller for the price; the seller not having seen the certificate when he extended credit, and there being no proof that defendant had any connection with the sale; it appearing on the contrary, that he was an employee of a brewing company, the real owner of the certificate.

APPEAL from Municipal Court, Borough of Manhattan, Seventh District.

Action by William M. Furey against John D. O'Connor.    From a judgment for defendant, plaintiff appeals.    Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

*Martin Paskus,* for appellant.

*Wilber F. Eary,* for respondent.

BISCHOFF, J.    The defendant has been charged with a liability for the price of a barrel of whiskey and a case of bitters delivered to one Ryan at a saloon conducted by the latter under his own name, and the sole ground for the recovery is sought to be afforded by the presence of the defendant's name upon the liquor tax certificate applicable to the premises.    The certificate was evi-

dence of nothing other than the payment of the excise tax, and the fact that the defendant had made an application for it, based upon his statement that he intended to conduct a liquor business, together with such other statement as the statute called for. (See *Niles* v. *Mathusa,* 162 N. Y. 546, 57 N. E. 184.) Penalties for a violation of the excise law were to be visited upon the record holder of the certificate, because the statute which authorized the conduct of the business so prescribes. (*Lyman* v. *Kurtz,* 166 N. Y. 274; 59 N. E. 903.) But nothing in the statute nor in the character of the certificate, intends that the record holder is, as to creditors, the principal in the conduct of the business by operation of law. Possibly some estoppel might be invoked by a creditor who gave credit to the record holder in reliance upon the representation, to be spelled from the presence of the certificate upon the premises; but nothing of the kind was involved here, since the creditor had not seen the certificate, and gave credit to Ryan. At best, the evidence afforded proof that the defendant, some months before the sale and delivery, was about to do business at this place, because he had so stated in his application. This was, however, no proof that he had any connection with the sale in suit; and, as an undisputed fact, he was an employee of a brewing company which was the real owner of the certificate. Neither in law nor in fact was he the principal, disclosed or undisclosed, in the sale to Ryan, and the recovery below was quite unauthorized.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

**Court of Appeals. Reported. 176 N. Y. 604.**

The People of the State of New York ex rel. George A. Gress, Appellant, *v.* George Hilliard, as Special Deputy Commissioner of Excise, et al., Respondents.

*People ex rel. Gress* v. *Hilliard,* 85 App. Div. 507, affirmed.
(Argued November 9, 1903; decided November 24, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 16, 1903, which