Supreme Court, Appellate Term, January, 1905. Reported. 46 Misc. 268.

THE S. LIEBMANN'S SONS BREWING COMPANY, Appellant, v. ANTONIO DE NICOLO, Respondent.

Pleading—Counterclaim—Set-off—Summary proceedings—Defenses.

A separate and distinct cause of action for damages for breach of contract remains a counterclaim though pleaded as a set-off.

An alleged violation of a landlord's agreement to keep a liquor license in force for the tenant is no defense in a proceeding to dispossess the tenant for non-payment of rent; nor is the landlord estopped from asserting the tenancy to be in one other than the person in whose name the license was issued.

APPEAL by the landlord from a final order of the Municipal Court of the city of New York, second district, borough of Manhattan, dismissing the petition in summary proceedings after the verdict of a jury.

*Liebmann & Naumberg,* for appellant.

*Charles G. F. Wahle,* for respondent.

MACLEAN, J.: In proceedings to obtain possession of premises on default of payment of $833.33 rental for June and October, inclusive, 1904, Nicolo, designated as tenant, pleaded a general denial; Cotter, designated as undertenant, the like and "for a further and distinct defense and by way of counterclaim" alleged that he was the tenant at a yearly rental of $2,000, which he had always paid promptly; that he had so become under a mutual agreement on April 30, 1904, whereby he was to sell the landlord's beer only, and the landlord was to furnish him money for a liquor license and keep it in force for a year, but that the landlord in June had seized the certificate issued to him, Cotter, April twenty-sixth and surrendered it to the commissioner of excise, and further refused the requisite consent to his obtaining another, by which breach of the agreement he had been damaged $10,000, and for that sum he prayed judgment besides dismissal of the petition. So soon as the jury was impanelled counsel for Nicolo and Cotter moved to strike from Cotter's answer the words "and for a counterclaim" and in lieu of "for the sum of ten thousand

dollars " in the prayer to insert " for offset and credit as afore-
said and for such other and further relief as the court may deem
just." This was granted over the objection, with exception, that
the pleading whether called a counterclaim or defense was
improper. Counsel for the petitioner then moved to dismiss the
pleading, whatever termed, because not a proper defense in a
proceeding to dispossess for nonpayment of rent. Calling it so
did not make the allegation a set-off which may only arise when
the demands of both parties are liquidated or capable of being
ascertained by calculation. (*Batterman* v. *Pierce,* 3 Hill, 174.)
It remained a counterclaim which is a separate and distinct cause
of action, balancing in whole or in part that proved by the plain-
tiff (143 N. Y. 169) and was thus recognized by the learned jus
tice who remarked: " The counterclaim is allowed to stand as
amended by the tenant." Inasmuch as only defenses showing
that the petitioner's claim has not legal existence may be inter-
posed in such a proceeding (*Gay* v. *Riehmann M. Co.,* 53 App. Div.
507; *Wulff* v. *Cilento,* 28 Misc. Rep. 551), the denial of the motion
was reversible error, an error later aggravated. When the peti-
tioner rested the proceedings as against Cotter were dismissed on
motion of his counsel and on consent of counsel for the petitioner.
As the first and chief witness there came Cotter, who was allowed
to testify respecting most of the things set up in his " further and
distinct defense," particularly as to the issuance to him of the
liquor tax certificate and to its subsequent seizure. The evidence
thus erroneously admitted tended to distract the jury from the
one issue whether Nicolo was a tenant in possession, to prejudice
by an appearance of harsh action toward Cotter, and to justify a
contention, made below on this appeal, that the issuance, under
the circumstances testified to, of a license to Cotter estopped the
petitioner from asserting the tenancy to be in anybody but Cotter,
a contention which the certificate was not evidence to support
(*Furey* v. *O'Connor,* 85 N. Y. Supp. 324), but which the learned
justice adopted in a part of his charge made on request of the
tenant's counsel and excepted to by counsel for the petitioner.
These errors suffice for reversal without considering the paucity
of evidence given for the tenant, if any were left after Nicolo and
Cotter were confronted by their contradictory declarations or
animadverting upon the incongruity of the defense which began
by a proffer to the petitioner on Cotter's behalf and deposit in
court of $833.33 payment of the rental in default, though Cotter

in his verified pleading averred that he had paid the rent promptly.

SCOTT and DAVIS, JJ., concur.

· Judgment reversed and new trial ordered, with costs to appei-lant to abide event.