(52 Misc. Rep. 606)

### In re CITY OF NEW YORK.

### In re HAMMERSTEIN.

(Supreme Court, Special Term, New York County. March 1, 1907.)

**1. THEATERS AND SHOWS—LICENSE—REVOCATION—PETITION.**

In proceedings, entitled in the name of the city, to revoke a license to conduct a concert room, brought pursuant to Greater New York Charter, § 1476, Laws 1897, c. 378, p. 520, providing for the revocation of such a license, the petition properly ran in the name of the police commissioner.

**2. SAME.**

Under Greater New York Charter, § 1476, Laws 1897, c. 378, p. 520, providing for the revocation of licenses to conduct concert rooms on proof of a violation of any of the provisions of the title, a petition by the police commissioner for revocation of such license was sufficiently positive, though petitioner did not claim to have personal knowledge of the violations alleged, where he did allege his belief and stated the grounds thereof and the sources of his information, which consisted of affidavits of witnesses, and such affidavits were made part of ,the petition.

**3. SAME—PROSCRIBED PERFORMANCE—ACTS OF AGENTS.**

Greater New York Charter, § 1481, Laws 1897, c. 378, p. 522, relating to concert rooms, provides that every exhibition or performance of the proscribed kind "shall of itself vacate and annul and render void any license which shall have been previously obtained by any manager, proprietor, owner or lessee consenting to, causing or allowing or letting any part of a building for the purpose of any such exhibition or performance." *Held,* that a licensee is responsible for the acts of his agents, and the license was revocable, though the proscribed performance was given contrary to his orders.

Application of the city of New York to revoke license to William Hammerstein to conduct a concert room. Objections to petition overruled.

William B. Ellison, Corp. Counsel, for the motion.

House, Grossman & Vorhaus (Louis J. Vorhaus, of Counsel), opposed.

GIEGERICH, J. This is an application to revoke a license issued to the respondent "to open and keep open a .concert room," and to

sell liquors in connection therewith, in the building and premises situate at Broadway and Forty-Second street, borough of Manhattan; the same being known as "Victoria Music Hall."

The charge is that plays, farces, dancing, performances of jugglers, and acrobats and other entertainments of the stage were given on the premises in question on two Sundays named in the petition, namely, November 25, 1906, and December 2, 1906. The respondent has made certain preliminary objections to the form and sufficiency of the papers upon which the application is based, which will be considered in the order in which they have been presented.

It is urged that the petition should be in the name of the city of New York, instead of the name of the police commissioner. Section 1476 of the Greater New York Charter (Laws 1897, c. 378, p. 520) provides that such a license as the one in question may be revoked and annulled by any judge or justice of any court of record in this city upon proof of a violation of any of the provisions of the title in which that section is found. The license in question was signed by the police commissioner, and he is the one who subscribed the petition and in whose name it runs. The proceeding itself is entitled in the name of the city, and is conducted by the law department of the city. In the absence of any express direction contained in the section just quoted from, or any other section in that title, it must be held that the practice followed is correct.

It is further claimed by the respondent that the petition fails to state the facts with sufficient positiveness; but with this contention I cannot agree. It is true that the petitioner, the police commissioner, does not claim in his petition to have any personal knowledge as to the giving of performances alleged, but he does allege his belief and states the grounds thereof and the sources of his information, which consist of the affidavits made by persons who were present and witnessed the alleged performances, and such affidavits are by the petition expressly made a part thereof.

It is further argued in behalf of the respondent, inasmuch as he gave explicit orders to the stage manager to instruct all of the persons performing at his theater that, when they appeared at the concert performances given on Sunday, no performance or act should be given which was prohibited by law; that he is by virtue of such instructions freed of responsibility for any unlawful acts done in violation of his commands. Section 1481 of the Greater New York Charter (Laws 1897, c. 378, p. 522) directs, however, that every exhibition or performance of the proscribed kind "shall of itself vacate and annul and render void and of no effect any license which shall have been previously obtained by any manager, proprietor, owner or lessee consenting to, causing or allowing or letting any part of a building for the purpose of any such exhibition or performance." It is thus seen that the absence of any affirmative act on the part of the respondent, or even his ignorance of any violations of law, or his ineffectual attempts to secure compliance with it, are not enough to protect his license. The statute is not limited to his consenting or causing, but extends to his "allowing," any such exhibition, and that word makes him responsible for the acts of his chosen agents. The construction I am placing on the section under consideration accords with the construction given to subdivision 7 of

section 23 of the liquor tax law (Laws 1896, p. 66, c. 112, as amended by Laws 1900, p. 859, c. 367, and Laws 1905, p. 1736, c. 680), which in part provides as follows:

"No corporation, association, copartnership or person, who, as owner or agent, shall suffer or permit any gambling to be done in the place designated by the liquor tax certificate as that in which the traffic in liquors is to be carried on. * * * "

In the Matter of Cullinan, 88 App. Div. 6, 84 N. Y. Supp. 492, it was held that the failure of the respondent to prevent gambling under that statute clearly made out a case within its letter as well as its spirit, and that the acts of his agent forfeited his certificate. See, also, Lyman v. Kurtz, 166 N. Y. 274, 59 N. E. 903; Cullinan v. Fidelity & Casualty Co., Parker Certificate, 84 App. Div. 296, 82 N. Y. Supp. 827; Cullinan v. Burkard, 93 App. Div. 31, 86 N. Y. Supp. 1003; Matter of Cullinan, Kuch Certificate, 39 Misc. Rep. 641, 80 N. Y. Supp. 186, affirmed 84 App. Div. 642, 82 N. Y. Supp. 1098.

A portion of the respondent's brief argues the case as though this were an attempt to punish him criminally, but such, of course, is not the fact. Indeed, it is noticeable and significant that the earlier portion of section 1481, dealing with the criminal aspect of such cases and defining the misdemeanor, does not use the word "allow," nor any word of similar significance, but only language which implies knowledge and affirmative acts; that portion of the section being as follows:

"Any person offending against the provisions of this section and every person aiding in such exhibitions by advertisements or otherwise, and every owner or lessee of any building, part of a building, ground, garden or concert room or other room or place, who shall lease or let out the same for the purpose of any such exhibition or performance, or assent that the same be used for any such purpose, shall be guilty of a misdemeanor."

The preliminary objections are therefore overruled, and as the respondent in his answer and opposing affidavit denies that he has any knowledge or information sufficient to form a belief as to the allegations of the petition and moving affidavit, except that a license was granted to him by the police department, the matter will be set down for Saturday, March 2, at 11 a. m., for the purpose of fixing a time and place for the taking proof of the alleged violations set forth in the petition and moving affidavit, or, at the option of counsel for both parties, of appointing a referee to take proofs and report with his opinion.