WRIGHT and others vs. ZETTEL and others.

*February 26 — March 18, 1884.*

*Tax deed to purchaser of certificate from town is void.*

The assignment of a tax certificate to a town being void, a purchaser from the town obtains no title, and a tax deed issued to such purchaser is void as against the original owner of the land.

APPEAL from the Circuit Court for *Door* County.

The case is stated in the opinion.   The plaintiffs appealed from a judgment for the defendants.

For the appellants there was a brief by *F. J. Hamilton*, attorney, and *J. J. Tracy*, of counsel, and oral argument by *Mr. Tracy*.

For the respondents the cause was submitted on the brief of *G. W. Allen*.

ORTON, J.   This is an action of ejectment, and the plaintiffs proved title to the premises by a patent from the state.   The defendants introduced a tax deed which had been issued and

executed on a certificate of the sale of the premises for taxes to the county of Door, of which the defendant *Joseph Zettel* was the assignee, from whom the other defendants had a conveyance.    The plaintiffs offered to show that said certificate was first assigned by the county to the town of Sevastopol, in said county, for the purpose of showing that the county had never parted with the certificate, because the town had no lawful right to purchase or own it, or to become the assignee of it.    The statute of limitations had not run on the tax deed, so that it was subject to any objection in respect to matters since the issuing of the certificate.    It was decided in *Eaton v. Supervisors*, 44 Wis., 489, that towns had no authority or right to purchase and own tax certificates, or deal with them in any way.    This case is precisely like that of *Dreutzer v. Smith*, 56 Wis., 292, in every essential particular, and ·is ruled by it.    The criticism that in this case the offer to show that the county sold and assigned the certificate to the town, was for the purpose of showing that the county had never parted with its title to it, while in the above case the purpose was to show that the defendant obtained no title to it, involves the absurdity that a party has a right to sell to another party who has no right to purchase.    This evidence was improperly rejected.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.