The State vs. Bayne.

---

## The State vs. Bayne.

*May 9 — May 24, 1898.*

*Intoxicating liquors: License to sell: Transfer: Consent of town board.*

1. A license issued by a town board of supervisors under the laws of this state for the sale of intoxicating liquors is not transferable even with the consent of such town board.

The State vs. Bayne.

2. One who files a bond which is approved by the town board, but pays no money to the town, and proceeds to sell intoxicating liquors, acting in good faith upon a transfer to him of a license issued to a third person, by authority and with the consent of the town board, may nevertheless be convicted of selling liquors without a license.

REPORTED from the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge.

The *Attorney General*, for the plaintiff.

[No appearance for the defendant.]

CASSODAY, C. J.    It appears from the record that July 6, 1897, the town board of the town of Spencer granted to one Peter J. Backes a license, under the law, to vend and sell liquors in said town for one year, he paying therefor the amount of license money required and filing the requisite bond; that about the 1st of August of that year the defendant rented the saloon building of Backes, and applied to the town board to transfer to him the license so issued to Backes; that August 10, 1897, the town board, at a special meeting, voted to transfer the license of Backes to the defendant upon his filing a bond; that such bond was filed and approved, and thereupon the town clerk wrote across the back of the license issued to Backes a transfer of the same to the defendant; that no money was paid to the town by the defendant, nor was any license issued to him in fact; that the defendant thereupon opened his saloon, and carried on the business of selling liquor, claiming to act under the transfer to him of the Backes license.

The defendant was arrested upon a warrant issued by a justice of the peace, charging him with having, on September 14, 1897, sold, dealt, and trafficked in spirituous and malt liquors, without first having procured a license therefor according to law.    A trial of the action was had according to law, and the defendant was found guilty, and fined, and thereafter took an appeal to the circuit court.    The action

was brought to trial in the circuit court at the November term thereof for 1897, upon such complaint, and the defendant was found guilty upon the undisputed facts stated. It was admitted on the trial that it was the custom of a great many towns in northern Wisconsin to permit the transfer of licenses issued for the sale of malt and intoxicating liquors in the manner this was transferred, and that the defendant in this action acted in good faith and not with intent to evade the requirements of the law.

Certain questions of law having arisen in the case, which, in the opinion of the judge, were so important and so doubtful as to require the decision of this court thereon, thereupon, after verdict, and before sentence, and at the request of the defendant, the trial judge reported the same to this court, pursuant to sec. 4721, R. S. 1878, for decision, as follows: " (1) Is a license issued by a town board of supervisors for the sale of spirituous, malt, and intoxicating liquors under the laws of this state transferable with the consent of such town board? (2) Where the defendant files a bond which is approved by the town board, but pays no money to the town, and proceeds to sell such liquors, acting in good faith, upon a transfer to him of a license issued to a third person, by authority and with the consent of the town board, can such defendant be lawfully convicted and punished as and for a violation of the law for selling liquors without a license? (3) Upon the facts stated, was the defendant lawfully convicted?"

The statutes provide, in effect, that town boards may grant licenses, under the conditions and restrictions therein contained, to such persons as they may deem proper, to keep saloons and sell intoxicating liquors; that such licenses shall remain in force until the first Tuesday in July next after granting the same, unless sooner revoked by the board; that the application for such license shall be in writing, and state the kind of license applied for, and designate the premises

where such liquors shall be sold; that such license shall not be delivered to the applicant until he shall produce and file with the clerk a receipt showing the payment of the sum required therefor to the proper treasurer, and file with the clerk the bond provided for therein. S. & B. Ann. Stats. secs. 1548, 1549. The statutes further provide that if any person shall sell liquors, "without first having obtained a license or permit therefor, *as required by this chapter* [ch. 66], he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished therefor," etc. There is no pretense that the defendant had obtained any license as required by that chapter.

The powers of the town board were purely statutory. It could only exercise such powers as were expressly granted to it by statute, or necessarily implied from the powers so granted. *Eaton v. Manitowoc Co.* 44 Wis. 489; *Smith v. Todd,* 55 Wis. 459; *Jackson v. Jacksonport,* 56 Wis. 310; *Cathcart v. Comstock,* 56 Wis. 607; *Wright v. Zettel,* 60 Wis. 168. The statutes cited only authorized the town board to grant licenses "to such persons as *they deem proper,*" and then only upon the conditions and under the restrictions therein prescribed. The board was thus required to exercise judgment and discretion in the selection of proper persons to be so licensed; and then, after such license should be granted, the board was still required to revoke the same in case the licensee should be found to be an improper person. A license granted is a mere privilege to be enjoyed while the conditions and restrictions are complied with, and implies special confidence and trust in the licensee. *Metropolitan Board v. Barrie,* 34 N. Y. 657. From the very nature of things, such a license is not assignable at common law. Black, Intox. Liq. § 130, p. 169, and cases cited; *Alger v. Weston,* 14 Johns. 231; *Heath v. State,* 105 Ind. 342; *State ex rel. Edwards v. Comm'rs of Sumter Co.* 22 Fla. 1; *Blumenthal's Petition,* 125 Pa. St. 412; *Monroe's Appeal,* 181

Pa. St. 233. The fact that the defendant rented the saloon from Backes, and took an assignment of his license, therefore, gave him no authority to sell under the license issued to the latter. *Id.* Thus, in the Pennsylvania cases cited, it was held that " the right to sell liquors under a license granted by the state is personal to the licensee, is not assignable, does not pass to personal representatives, and therefore cannot be transferred unless as expressly authorized by an act of assembly." And again, that " a liquor license is a personal privilege, which ends with the life of the licensee. It is not assignable by him, does not go to his personal representatives, and is not an asset of his estate." True, the town board sanctioned such transfer, but, as indicated in some of the cases cited, the statute gave no authority for such transfer, and without such authority no transfer could be made. We are clearly of the opinion that the transfer of the license, and the action of the town board thereon, were without authority of law and void.

*By the Court.*— The first question propounded is answered in the negative, and the second and third are each answered in the affirmative.

BARDEEN, J., took no part.