In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 21,917, Issued to JOHN NIEDERSTEIN, Respondent.

*Liquor tax certificate — revoked where gambling takes place even in the absence of the certificate holder.*

Gambling upon premises, in which the traffic of liquors is authorized to be carried on, constitutes, under sections 23 and 28 of the Liquor Tax Law, ground for the revocation of the certificate, notwithstanding the fact that the certificate holder was absent from the premises at the time the gambling was done and that the premises were then in charge of the certificate holder's agent.

APPEAL by the petitioner, Patrick W. Cullinan, as State Commissioner of Excise, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 22d day of April, 1903, denying the petitioner's motion to revoke and cancel liquor tax certifi-

cate No. 21,917, issued to John Niederstein, and also from a judgment for costs in favor of the respondent, entered in said clerk's office on the 2d day of June, 1903.

*William E. Schenck*, for the appellant.

*Jacob Neu*, for the respondent.

HOOKER, J. :

This is an appeal from an order denying an application to cancel a liquor tax certificate issued to the respondent. An issue was raised by the answer of the certificate holder, and proof was taken before a referee appointed for that purpose. Section 23 of the Liquor Tax Law (Laws of 1896, chap. 112; as amd. by Laws of 1900, chap. 367), in the enumeration of those who shall not traffic in liquors, provides, in part, as follows : " No corporation, association, copartnership or person, who, as owner or agent, shall suffer or permit any gambling to be done in the place designated by the liquor tax certificate as that in which the traffic in liquors is to be carried on," and subdivision 2 of section 28 (as amd. by Laws of 1901, chap. 640) authorizes the revocation of the certificate of a person violating that provision. The petitioner contends that the certificate holder committed such a violation, in that gambling by a device known as a slot machine occurred in his place on July 24 and 29, 1902. That the machine was a gambling device is not questioned. The certificate holder contended that this was done without his knowledge or consent, and in his absence, and that, therefore, he did not, in the language of the statute, " suffer or permit " the gambling. It must be taken as a fact in the state of the evidence that Niederstein was absent from the premises from about the middle of July until the sixth day of August, and that his place of business, in which liquor was sold under the certificate, was in charge of an agent, and this presents the question whether or not his certificate was liable to be revoked under that portion of section 23 of the Liquor Tax Law relating to gambling. The learned Special Term, in its opinion, has said : " There was a violation of the law, in that gambling by means of a nickel-slot machine was permitted and suffered on the days and at the place in question, but it was the act of the agent then in said barroom, not of the certificate holder, this respondent ; the evidence does not establish any partici-

pation by him in the violation, or that he suffered or permitted the gambling or use of the machine," and in that theory of the law he denied the application.

This disposition of the case we think erroneous. If this doctrine were to be adopted into the body of the law, it would be only necessary for the holder of a liquor tax certificate to absent himself for a few hours a day from his place of business, to avoid the penalty following a violation of this provision of the Liquor Tax Law during his absence; or, in the event of one person holding two liquor tax certificates, his continued absence from one would be a sufficient defense to any revocation proceeding that might be instituted against him for the violation of section 23 of the Liquor Tax Law by his agent at such place of business. We cannot believe that the Legislature intended that the words "suffer or permit" should receive the interpretation given to them by the learned Special Term. It has been held that where a liquor tax certificate has been issued or transferred to a person upon his application and filing of a bond, he is the principal, whom the law will look to during the conduct of the business, and will hold responsible for compliance with the statutory provisions. (*Lyman* v. *Kurtz*, 166 N. Y. 274.)

The contention of the respondent, that the law does not permit the conviction of a person for the unauthorized unlawful acts of an agent, is not germane to this proceeding, for the reason that the application is one to revoke the certificate. Nothing more than the revocation is accomplished; it does not convict the holder of crime. (*Matter of Lyman, Texter Certificate*, 59 App. Div. 217.)

Our opinion is that the failure of the respondent to prevent the conduct complained of clearly makes out a case within the letter, as well as the spirit of the statute, and that the acts of his agent have rendered his certificate forfeited.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the proceedings remitted to the Special Term for a rehearing.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and proceedings remitted to the Special Term for a rehearing.