## In re CULLINAN, State Com'r of Excise.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. INTOXICATING LIQUORS—TAX CERTIFICATE—REVOCATION.

It is no defense to an application for the revocation of a liquor tax certificate because of a violation of Liquor Tax Law, § 23 (Heydecker's Gen. Laws, p. 2378, c. 29), providing that no person as owner or agent shall "suffer or permit" gambling in the place in which the traffic is carried on, that the violation was permitted by an agent in the absence and without the knowledge and consent of the certificate holder.

Appeal from Special Term, Queens County.

In the matter of the petition of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 21,917, issued to John Niederstein. From an order denying the application, the petitioner appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and HOOKER, JJ.

William E. Schenck, for appellant.
Jacob Neu, for respondent.

HOOKER, J. This is an appeal from an order denying an application to cancel a liquor tax certificate, issued to the respondent. An issue was raised by the answer of the certificate holder, and proof was taken before a referee appointed for that purpose. Section 23 of the liquor tax law (Heydecker's Gen. Laws, p. 2378, c. 29) in the enumeration of those who shall not traffic in liquors, provides in part as follows: "No corporation, association, copartnership or person, who, as owner or agent, shall suffer or permit any gambling to be done in the place designated by the liquor tax certificate as that in which the traffic in liquors is to be carried on;" and section 28 (page 2382) authorizes the revocation of the certificate of a person violating that provision. The petitioner contends that the certificate holder committed such a violation, in that gambling by a device known as a "slot machine" occurred in his place on July 24 and 29, 1902. That the machine was a gambling device is not questioned. The certificate holder contended that this was done without his knowledge or consent, and in his absence, and that, therefore, he did not, in the language of the statute, "suffer or permit" the gambling. It must be taken as a fact, in the state of the evidence, that Niederstein was absent from the premises from about the middle of July until the 6th day of August, and that his place of business, in which liquor was sold under the certificate, was in charge of an agent; and this presents the question whether or not his certificate was liable to be revoked under that portion of section 23 of the liquor tax law relating to gambling. The learned Special Term in its opinion has said: "There was a violation of the law, in that gambling by means of a nickel-slot machine was committed and suffered on the days and at the place in question; but it was the act of the agent then in said barroom, not of the certificate holder, this respondent. The evidence does not establish any participation by him in the violation, or that he suffered or permitted the gambling or use of the machine;" and in that theory of the law he denied the application. This disposition of the case we think erroneous. If this doctrine were to be adopted into the body of the law, it would be only necessary for the holder of a liquor tax certificate to absent himself for a few hours a day from his place of business to avoid the penalty following a violation of this provision of the liquor tax law during his absence; or, in the event of one person holding two liquor tax certificates, his continued absence from one would be a sufficient defense to any revocation proceeding that might be instituted against him for the violation of section 23 of the liquor tax law by his agent at such place of business. We cannot believe that the Legislature intended that the words "suffer or permit" should receive the interpretation given to them by the learned Special Term. It has been held that, where a liquor tax certificate has been issued or transferred to a person upon his application and filing of a bond, he is the principal, whom

the law will look to during the conduct of the business, and will hold responsible for compliance with the statutory provisions. Lyman v. Kurtz, 166 N. Y. 274, 59 N. E. 903.

The contention of the respondent that the law does not permit the conviction of a person for the unauthorized unlawful acts of an agent is not germane to this proceeding, for the reason that the application is one to revoke the certificate. Nothing more than the revocation is accomplished. It does not convict the holder of crime. Matter of Lyman, Texter Certificate, 59 App. Div. 217, 69 N. Y. Supp. 309.

Our opinion is that the failure of the respondent to prevent the conduct complained of clearly makes out a case within the letter, as well as the spirit, of the statute, and that the acts of his agent have rendered his certificate forfeited.

The order appealed from should be reversed, with $10 costs and disbursements, and the proceedings remitted to the Special Term for a rehearing. All concur.