STATE EX REL. CONLIN, Appellant, vs. MAYOR AND COMMON
COUNCIL OF THE CITY OF WAUSAU and others, Respond-
ents.

*December 1—December 15, 1908.*

*Intoxicating liquors: Violation of excise laws: Intent: Agent of li-
censee: Appeal and error: Mandamus to compel revocation of
liquor license: Determination after expiration of license period:
Costs.*

1. Under a statute prohibiting a licensee to sell or give away in-
toxicating liquors to minors without the written authority of
parent or guardian, and providing that for such a violation the
license shall be subject to. revocation, the licensee's intent re-
specting alleged violations of the statute is not an essential
factor in the offense.
2. While the system of regulation of intoxicating liquors grants the
licensee the privilege of conducting his business through an
agent, it also imposes on the licensee the affirmative duty to see
to it that every regulation is obeyed by his agents as well as
himself. Hence such a licensee is answerable for the acts of
his agents (barkeepers) though he is absent from his place of
business and had instructed those agents not to make forbidden
sales.
3. Where a barkeeper, in the absence and without the knowledge
of the saloonkeeper and in violation of instructions not to sell
to any minor, such instructions being a condition of his em-
ployment, sold intoxicating liquors to a minor, the saloonkeeper
is guilty of a violation of sec. 1558, Stats. (1898), and it be-
comes the duty of the body issuing him his license to revoke it.
4. On *mandamus* to compel the revocation of a liquor license it ap-
peared, among other things, that the license period had expired
before the cause was heard on appeal from a judgment, entered
during the life of the license, erroneously denying the writ.
*Held,* that the relator is entitled to a reversal of the judgment
with costs and to have judgment for costs in the trial court.

APPEAL from a judgment of the municipal court of Mara-
thon county: LOUIS MARCHETTI, Judge. *Reversed.*

This is an action of *mandamus* to compel the mayor and
common council of the city of *Wausau* to revoke the license
of one Fred Brand, a duly licensed saloonkeeper of the city,

it being alleged that he unlawfully sold intoxicating liquors to a minor. Complaint was made to the mayor and common council that Brand had sold intoxicating liquor to a minor without a written order from his parents or guardian. A hearing was ordered upon the petition and Brand was summoned to appear and show cause why his license should not be revoked. At the hearing there was evidence that Brand was a duly licensed saloonkeeper, that a bottle of beer had been sold by his barkeeper to the minor, and that the minor did not have a written order from his parents or guardian. It was shown that the barkeeper who was in charge of the saloon at the time of the sale had been given strict instructions not to sell to any minor, that this was a condition of his employment, and that the sale by him was without the knowledge or consent of Brand. The common council refused to revoke the license. The guardian of the minor thereupon instituted this action in the municipal court for a peremptory writ of *mandamus* to command the mayor and common council to revoke the license. The petition in substance alleges the facts as above stated. The court issued an alternative writ commanding the mayor and council to revoke the license or to show cause why they should not revoke it. In the return to the writ the facts as stated above were admitted, and it was further stated that the refusal of the council to revoke the license was based on the fact that the council was of the opinion that Brand was not liable for the act of the barkeeper in selling to the minor against instructions, and that this was a good defense to the complaint. The relator demurred to the return, and the court upon motion entered judgment dismissing the action and quashing the alternative writ. This is an appeal from such judgment.

For the appellant there was a brief by *Brown, Pradt, Genrich & Anderson,* attorneys, and *M. B. Rosenberry,* of counsel, and oral argument by *F. W. Genrich.*

For the respondents there was a brief by *Franklin E.*

*Bump,* of counsel, and *H. H. Manson,* city attorney, and oral argument by *Mr. Bump.*

SIEBECKER, J.  As appears from the foregoing statement of facts, the common council found that the licensee was not guilty of an unlawful sale of intoxicating liquor because the sale was made by an employee while the licensee was absent from his place of business, against his positive instructions and contrary to his directions to the employee not to sell liquors to persons to whom sales were forbidden by law. The trial court held that the respondent, as licensee, was not guilty of violating the law.   This conclusion was manifestly based on the assumption that the licensee was not responsible for acts of his employee which violated sec. 1558, Stats. (1898), if committed by the employee in the absence of the proprietor and against *bona fide* instructions not to conduct the business in violation of the law.   The statute enacts in effect that, if the licensee shall sell or give away intoxicating liquors to minors without the written authority of parent or guardian, his license shall be subject to revocation in the manner provided.   The licensee's intent respecting alleged violations of the law is not an essential factor in the case.   In the case of *State v. Hartfiel,* 24 Wis. 60, this court held that an unlawful sale of intoxicating liquors to a minor is a violation of the law prohibiting such sales, though the vendor is ignorant of the fact that the purchaser is a minor.   It is there declared that "where a statute commands that an act be done or omitted which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation" (citing), and that "police and other laws and regulations for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted, are of this nature, for the law in these cases seems to bind the party to know the facts and to obey

the law at his peril." To the same effect is *State ex rel. Higgins v. Beloit,* 74 Wis. 267, 42 N. W. 110.

The statutes regulating the sale of intoxicating liquors show an intent by the legislature to prevent the mischief which accompanies an unrestricted traffic, and were obviously enacted to impose the specified restrictions on the traffic with a view to protect the public against such evils. To accomplish this it appears to have been deemed good policy to impose on the licensee the obligation that he, his employees and agents, be required to conduct the business conformably to the regulations prescribed by law. *Nelson v. State,* 111 Wis. 394, 87 N. W. 235. While the system of regulation grants the licensee the privilege of conducting the business through an agent, it also imposes on him the affirmative duty to see to it that every regulation is obeyed by his agents as well as by himself. The court in the case of *Carroll v. State,* 63 Md. 551, 3 Atl. 29, wherein the question of the licensee's responsibility for an unlawful sale of intoxicating liquor to a minor by his barkeeper during his absence, without his knowledge and authority and contrary to his instructions given in good faith, was considered, held, where intent is not an ingredient of such an offense, "that it must be immaterial whether such orders are given or not, for he who does by another that which he cannot lawfully do in person must be responsible for the agent's acts. In fact, it is his act." It seems that if the licensee is not excusable when personally conducting the business, if he be deceived or is ignorant of violations regarding forbidden traffic, he cannot escape the consequences of such violations by his agents to whom he has intrusted the conduct of his business. We are persuaded that the legislation on the subject makes the licensee answerable for the acts of his agents, though he was absent from the place of business and had instructed the agent not to make forbidden sales. The following cases support this rule: *State v. Kittelle,* 110 N. C. 560, 15 S. E. 103; *State v. Constatine,* 43 Wash. 102.

86 Pac. 384; *People v. Lundell,* 136 Mich. 303, 99 N. W. 12; *Dudley v. Sautbine,* 49 Iowa,. 650; *Noecker v. People,* 91 Ill. 494. The consequence is that upon the undisputed facts the trial court should have commanded the common council to revoke the license. *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 70 N. W. 300; *State ex rel. McKay v. Curtis,* 130 Wis. 357, 110 N. W. 189.

The license sought to be revoked expired in July, 1908. Under these circumstances no writ of *mandamus* will now issue. Since, however, the trial court erred in denying the writ during the life of the license, relator is entitled to a reversal of the judgment with costs and to have judgment for costs in the trial court. *State ex rel. Treat v. Hammel,* 134 Wis. 61, 114 N. W. 97.

*By the Court.*—Judgment reversed, and the cause remanded with directions to the trial court to award judgment in accordance with this opinion.