Olson v. State, 143 Wis. 413.

OLSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 17—October 4, 1910.*

*Intoxicating liquors: Sale on Sunday: Evidence: Questions for jury: Instructions: Sale by employee contrary to orders.*

1. Upon the conflicting evidence in this case as to whether the beverage sold by defendant on Sunday was beer or ginger ale, the question was one for the jury and their finding should not be disturbed.
2. Such question, in view of admitted facts, was the only question in issue, and the jury were properly so instructed.
3. The proprietor of a saloon whose barkeeper sells liquor therein on Sunday is guilty of a violation of sec. 1564, Stats. (1898), even though the sale was contrary to his positive instructions.

ERROR to review a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff in error (hereinafter called defendant) was convicted under sec. 1564, Stats. (1898), of selling and giving away intoxicating liquors on Sunday. The facts will sufficiently appear from the opinion.

VINJE, J. 1. The first error assigned is that the evidence does not sustain the verdict. There is a direct conflict in the testimony as to what was drank in the saloon on the night in question. The witness Sherwin, on behalf of the state, testified it was beer; that he saw the men drink, and examined the glasses on the bar after the drinking had taken place, and, from such examination, he knew it was beer. Two witnesses for defendant, who are claimed by the state to have drank beer, testified that it was ginger ale and not beer that they

drank.   The third witness does not recollect that he drank
anything that night.   On this state of the testimony it was
peculiarly a question for the jury to find what the fact was.
Their finding, sustained as it is by the trial court in denying
a motion for a new trial, will not be set aside unless this court
can say that there is no credible evidence to support it, or
unless it is inconsistent with facts conclusively proved.
*Schuster v. State,* 80 Wis. 107, 115, 49 N. W. 30; *Van Hal-
tren v. State,* 142 Wis. 143, 124 N. W. 1039.   The court can
say neither.

2. It is urged that the trial court erred in instructing the
jury as follows:

"It is the law of the state of Wisconsin, that if a saloon-
keeper employs another person to act for him in the conduct
of his business, and such employee or bartender, as he is
usually called, violates the law relating to excise, that the sa-
loonkeeper is guilty of the violation as if he had been person-
ally present or had done the act himself.   In other words, the
act of the barkeeper is the act of his employer.   This is true
even if the barkeeper does the act against the positive instruc-
tions of the saloonkeeper.   In this case it makes no difference
with the legal guilt of the defendant if you find that the sale
was made and that the barkeeper was instructed not to make
it."

We perceive no error in this instruction.   Sec. 1564, Stats.
(1898), imposes a penalty upon the acts therein described
irrespective of the motive or intent of the person doing them.
Its purpose is to regulate the conduct of the liquor business
and to prohibit the specified acts whether done by the licensee
himself as principal or by his bartender as agent.   In such
case the principal is as responsible for the acts of his agent as
though they were done by himself.   He cannot be screened
behind the fact that he has given his agent positive instruc-
tions not to do them.   *State ex rel. Conlin v. Wausau,* 137
Wis. 311, 314, 118 N. W. 810.

3. The further contention is made that the trial court

·erred in instructing the jury that the only question in the ·case was:

"What was the beverage which it is conceded those men ·drank at that time? If you find that it was ginger ale, as ·claimed by the defendant, then you must return a verdict of not guilty. If, on the other hand, you find beyond a reasonable doubt that it was beer, then your verdict should be guilty."

It was admitted upon the record that the defendant was a licensed saloonkeeper; that the day in question was Sunday; that the bartender was the man who then had charge of the premises, and that he gave the men something to drink. The only question in issue, therefore, was, What was the beverage given the men to drink? Manifestly the instruction was proper.

*By the Court.*—Judgment affirmed.