REISMIER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 2—March 12, 1912.*

*Intoxicating liquors: Unlawful sale: To whom statute applies: License: Evidence: Sale by third person: Agency: Instructions to jury: Harmless errors.*

1. Whether sec. 1564, Stats. (1898), prohibiting the sale of liquor on certain days by "any tavern keeper or other person," applies only to persons duly licensed to sell liquors, not determined.

2. In a prosecution for violation of said statute, where there is proof that defendant was a tavern keeper, it will be presumed, in the absence of evidence to the contrary, that he was a licensed tavern keeper, rather than that he was engaged in an unlawful business; hence in such a case the admission of parol evidence on the part of the state to show that defendant was licensed was not a prejudicial error.

3. Rejection of evidence as to the mental capacity of the person who actually sold the liquor was not a prejudicial error where the evidence as to whether or not he was authorized by defendant to act as his bartender and was temporarily in charge of the bar was admitted.

4. Where in the general charge the jury were fully instructed that before they could convict they must find defendant guilty beyond a reasonable doubt and must find that the sale was made by him either in person or by his agent, it was not error to refuse a requested instruction to the effect that defendant would not be responsible for a sale by a mere interloper who was not his agent.

5. An instruction to the effect that if the liquor was sold illegally by his bartender or agent defendant would be guilty the same as though he had performed the illegal act himself, because "the law makes him responsible for the legal operation and running of his saloon or bar," was correct and not misleading.

6. An instruction to the effect that sale by an interloper is an affirmative defense, and the defense should show that the seller was an interloper and not a representative of the defendant, is construed to mean that defendant might raise a reasonable doubt by such showing.

7. Where the sale in question was actually made by one T., the ruling out of a question to defendant, "Did you ever trust the business to T.?" was not prejudicial error, where other more pertinent questions covering the subject of T.'s authority were asked and the answers admitted.

ERROR to review a judgment of the municipal court for the Eastern district of Waukesha county: CHARLES E. ARMIN, Judge. *Affirmed.*

For the plaintiff in error the cause was submitted on the brief of *Tullar & Lockney.* To the point that it was necessary for the state to prove that defendant was a licensed saloon keeper, they cited *Jensen v. State,* 60 Wis. 577, 19 N. W. 374; *Brubaker v. State,* 89 Ind. 577; *State v. Wade,* 63 Vt. 80, 22 Atl. 12; *Peterson v. State,* 63 Neb. 251, 90 N. W. 964; *Bloomington v. Strehle,* 47 Ill. 72; *State v. Nethken,* 60 W. Va. 673, 55 S. E. 742.

For the defendant in error the cause was submitted on the brief of *Milo Muckleston,* district attorney.

KERWIN, J . Plaintiff in error, hereinafter called defendant, was prosecuted under sec. 1564, Stats. (1898), for unlawfully selling intoxicating liquor on the 5th day of April, 1910, being the day of the annual town meeting. The jury returned a verdict of guilty, and the court sentenced the defendant to pay a fine of $5 and costs, or in default of payment be imprisoned in the county jail for a period of ten days. The defendant appealed from the judgment of conviction.

Sec. 1564 reads as follows:

"If any tavern keeper or other person shall sell, give away or barter any intoxicating liquors on the first day of the week, commonly called Sunday, or on the day of the annual town meeting or the biennial fall election, such tavern keeper or other person so offending shall be punished by a fine of not less than five nor more than twenty-five dollars or by imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment."

Several errors are assigned, which will be treated in their order.

1. It is claimed that the court erred in permitting the state to prove by parol evidence that the place of business of the

defendant was a licensed saloon, relying upon *Hepler v. State,* 58 Wis. 46, 16 N. W. 42; *Jensen v. State,* 60 Wis. 577, 19 N. W. 374, and some cases in other jurisdictions.

It will be seen that the statute upon which this prosecution is based prohibits the sale of intoxicating liquors on Sunday and election day by any "tavern keeper or other person," and does not, at least directly, involve the question of selling without a license. The case of *Hepler v. State, supra,* was a prosecution for selling intoxicating liquors without a license. In *Jensen v. State, supra,* this court construed sec. 1564 as to meaning of "tavern keeper or other person" and held that "tavern keeper," within the meaning of the act, is a person whose business, in part at least, is to sell liquors, and the words "other person" must refer to a similar class of persons and include those engaged in the business of selling liquors. And it was further held that it was not necessary to determine whether the statute under consideration should be restricted to persons licensed to sell intoxicating liquors. So it will be seen that these cases do not hold that it is necessary, in a prosecution under this statute, to prove that the tavern keeper or other person was duly licensed to sell intoxicating liquors. It was only necessary to prove in the instant case that the defendant was a tavern keeper or a person engaged in the business of selling liquor. *State v. Grant,* 20 S. Dak. 164, 105 N. W. 97; 6 Current Law, 184, 185, and cases cited. A conviction for violation of liquor laws may be supported by circumstantial evidence alone. 23 Cyc. 249. It may be shown that the premises in question were fitted up as a bar room, or contained the paraphernalia or implements of liquor selling, such as a bar, beer pump, whisky glasses, and the like. 23 Cyc. 251. There is sufficient evidence in this case to warrant the jury in finding that the defendant was at the time of the alleged offense a tavern keeper, and it must be presumed that he was a licensed tavern keeper, in the absence of any evidence to the contrary, rather than engaged in an unlawful

business.    We need not and do not decide whether the statute under consideration applies only to licensed persons.

2. Error is assigned in the rejection of evidence offered by defendant to prove the mental condition of one Tony Schimek. It appears from the evidence that Tony was the brother-in-law of defendant and that he sold one glass of beer on the day in question.    The contention of the defendant is that he was not authorized to sell, and that he was weak-minded, and the error complained of is in sustaining an objection to the question, "What is his mental condition?"    This question was objected to and the objection sustained on the ground of immateriality.    Counsel then asked defendant: "*Q*. Is Tony Schimek, or was he on the 5th day of April, or at any time, authorized or directed by you to have anything to do with the saloon there?  *A*. No, sir.   *Q*. And is there an understanding between you and Mr. Schimek on that point?  *A*. Yes, sir."    Mr. Schimek referred to was the bartender.    There was a motion to strike this evidence out, but the court permitted it to stand.    It seems there was no prejudicial error in ruling out the question as to the mental condition of Tony.    He might be of rather weak mental condition, yet have sufficient mentality to perform the simple function of dealing out a glass of beer and receiving the nickel.    The important inquiry was as to whether he was authorized, and this evidence was let in, although the court intimated that he did not regard it material.    There was evidence in the case that the bartender, Mr. Schimek, who is the father of Tony, also sold beer shortly before the sale by Tony.    So it appears that the bar was open and drinks were being sold aside from the beer sold by Tony. Tony was behind the bar when he sold the beer, apparently at least in the discharge of his duties.    If he had authority to act for the defendant as bartender and was temporarily in charge of the bar, the defendant would be liable for his acts even though he sold the beer without defendant's consent or

even against his instructions. *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 118 N. W. 810; *Olson v. State,* 143 Wis. 413, 127 N. W. 975. So the material question in the case is whether Tony was authorized to act for the defendant in the capacity of bartender, not what was his mental condition. There is evidence that on the day in question the defendant's regular bartender was behind the bar and sold at least one drink.

3. Error is assigned on the refusal of the court to charge as follows:

"In this action, before you can convict the defendant of the charge set forth in the complaint, it is incumbent upon the state to establish beyond a reasonable doubt that intoxicating liquors or drinks were sold by the defendant or his agent."

"In other words, if any intoxicating liquors or drinks were sold or given away by a mere interloper, in the absence of the defendant and his agent from the place, I charge you as a matter of law that the defendant would not be liable and could not be convicted under that evidence."

"The state must show beyond a reasonable doubt that the boy Tony was the agent of the defendant, *Reismier,* and authorized by him to sell liquor or to conduct the business of the saloon."

"While the defendant is legally responsible for the act of his agents in the conduct of the saloon, the state must prove beyond a reasonable doubt that any person selling was the agent of the defendant."

We cannot think that there was any prejudicial error in the refusal to give the foregoing requests. The court did charge fully upon the question of reasonable doubt, and told the jury the defendant came into court presumed to be innocent and that they must find him guilty beyond a reasonable doubt before they could convict; and further, on the question of sale, charged:

"The real question for you to determine in this case is whether, on the 5th day of April, 1910, the defendant, being

then and there engaged in the business of selling liquors, or that being a part of his business, did sell or give away intoxicating liquors to any person on that day, either in person or by an agent."

This charge seems clearly to have covered the point that the defendant would not be liable for a sale by a mere interloper, who was not defendant's agent, and also covered the point that the sale must be by the defendant in person or by his agent. We think so far as the requests were proper they were covered by the general charge.

As before observed, this court has laid down a very strict rule against persons dealing in intoxicating liquors and making them liable for the acts of those in charge of the saloon. *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 118 N. W. 810; *Olson v. State,* 143 Wis. 413, 127 N. W. 975.

4. Exception is also taken to the following portion of the charge:

"It has recently been held by our supreme court, as this court understands the ruling, that if it appear that the liquor or drink was sold by a bartender or agent or representative of the defendant and was sold contrary to law that the defendant would be guilty the same as though he had performed the illegal act himself, for the law makes him responsible for the legal operation and running of his saloon or bar."

The court, in speaking of the recent decision of this court as to the guilt of the defendant where the act was performed by his bartender or agent, stated that the saloon keeper was guilty the same as though he had performed the illegal act himself, and further said, which is separately excepted to, "for the law makes him responsible for the legal operation and running of his saloon or bar." We cannot see that the jury could have been misled by this instruction. It clearly had reference to the rule under our recent decision of liability of saloon keepers for the acts of their agents though per-

formed contrary to instructions.    The jury returned for further instructions, and exception is taken to the following:

"I will say to the jury that, as the court views the law, the person who takes out a license to run a saloon assumes all responsibility for having it run according to law; that if any one who is found acting contrary to law is not their representative, the court views it that that is an affirmative defense; that the defense should make—should show that the person was an interloper and not a representative of the owner of the place."

This instruction was given on the question whether Tony was authorized to make the sale or was a mere interloper and must be construed to mean that the defendant might raise a reasonable doubt by such showing.    We see no objection to this part of the charge.    Tony was behind the bar when he made the sale and received a nickel for the glass of beer sold; no one else, apparently, was in charge of the saloon; and in the absence of any evidence to the contrary the jury would have the right to infer from the whole record that he was authorized to act for the defendant in that capacity.    Complaint, however, is made by counsel for defendant on this point that the court refused to permit defendant to show that Tony was not authorized to represent the defendant.    But the principal error complained of on this point is the exclusion of evidence to the effect that Tony was not in his right mind.    True, the question was asked and ruled out, "Did you ever trust the business to Tony?"    But just before this question was put and ruled out the bartender was permitted to answer that Tony had nothing to do with the saloon.    The latter question was quite broad and might well be understood by the jury to have reference to the business generally, and not to a single sale or sales with the bartender's consent while he was temporarily absent.

Moreover, more pertinent questions were asked and permitted to be answered covering the subject.

Error is assigned on the refusal of new trial.    This motion is based upon the errors heretofore considered.

We cannot say that the defendant was prejudiced by any of the alleged errors complained of.    Therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed,