### STATE *v.* SCHNABLES.

#### Opinion delivered October 13, 1913.

POOL ROOMS—MINOR—INTENT OF PROPRIETOR.—Under Act 98, p. 62, of the Public Acts of 1911, making it unlawful for the owner or keeper of a pool room to permit any person under eighteen years of age to play in or frequent such pool room, wilful knowledge that a minor was frequenting or playing in the pool room, or any intent on the part of the owner or keeper is immaterial to render him subject to the penalty imposed by the statute.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; reversed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, and *M. P. Huddleston,* of counsel, for appellant.

The only question presented by the record is whether or not wilfulness is a necessary element of the crime denounced by the statute. The statute does not employ the word wilful, nor its equivalent, unless it is included in the meaning of the word "permit."

We contend that the purpose of the act is to impose the absolute duty upon keepers of pool rooms to prevent minors under eighteen years of age from playing games of pool therein, and from frequenting the same. 79 Ark. 351, 352; 17 N. W. (Ia.) 607; 96 Cal. 315, 31 Pac. 107; 57 Conn. 173, 17 Atl. 855; 98 Mass. 6.

No brief filed for appellee.

HART, J. It was shown by the State that, within a year prior to the return of the indictment in this case, Dale Young, a minor sixteen years of age, played pool in the pool room of the defendant, W. A. Schnables, in the town of Corning, in the Western District of Clay County; that Dale Young saw the defendant in there, and that the defendant did not say anything to him about staying in there or order him out of the place.

The defendant and another person who assisted him in running the pool hall testified that notices were posted up in it forbidding minors to enter the place, and that each of them, at different times, had ordered the minor, Dale Young, out of the pool room, and that they had stopped him playing on one occasion, and that he had never played there by their consent.

The defendant was indicted under an act of the General Assembly of the State of Arkansas which makes it unlawful for the owner or keeper of any pool room, or any employee of such owner or keeper, to permit any person under the age of eighteen years to play pool, billiards, or any other game, or to frequent or congregate in such pool room. (General Acts of 1911, page 63.) The punishment provided for by the act is a fine of not less than ten dollars nor more than one hundred dollars.

The State asked the court to instruct the jury that wilful knowledge is not one of the necessary elements to convict under this statute, and that if the jury found that Dale Young was a minor under the age of eighteen years, and that he played pool in the pool room of the defendant, Schnables, within one year next before the finding of the indictment, then it should find the defendant guilty, even though it might find that the defendant did not consent to the minor playing in his pool hall. The court refused to give the instruction asked for, and the State excepted to the ruling of the court. The court then read the statute under which the indictment was found, and instructed the jury that the defendant would be guilty if he permitted the minor to play in his pool room, and that if he did not permit him to play he would not

be guilty. The State duly excepted to the instructions given by the court. Under the instructions given, the jury returned a verdict of not guilty, and the State has appealed.

One of the definitions of the words "to permit" is: "To allow by not prohibiting." In the case of the *State v. Probasco,* 17 N. W. (Iowa) 607, the defendant was indicted under a statute making it unlawful for the keeper of a billiard hall to permit any minor to remain in such hall or to take part in any of the games known as billiards, nine or ten pins. The court held that where the keeper, or his employee, failed to take proper measures to prevent minors remaining in their saloons, they permit it within the meaning of the statute, and knowledge of the presence of minors therein, or of the fact of their minority, need not be shown to sustain a conviction. The court said:

"It is the duty of saloon keepers not to permit, but to prevent, minors remaining in their saloons. The same duty is imposed upon their employees. If the keeper or his employee fails to take proper measures to prevent minors remaining in their saloons, they permit it. Hence, if proper watchfulness is not exercised by either; if the keeper fails to enforce watchfulness on the part of his employee and thereby a minor is permitted to remain in the saloon, both violate the statute. It is obvious that, in the absence of watchfulness and proper effort to discharge the duty imposed by the statute, if a minor remains in the saloon without the knowledge of the keeper or employee, each are liable for the penalty provided by the statute. Neither can plead ignorance of the presence of the minor. It was their duty to know of his presence. Ignorance, especially when there has been no effort to gain knowledge, will excuse no one for the omission of duty, either in morals or law. In the case of the defendant, it was his duty to be vigilant to prevent the presence of minors. When he has failed to do his duty in this regard, he can not escape on the mere ground that he did

not know he was violating his duty, as prescribed by the statute.''

In the case of the *Commonwealth* v. *Emmons,* 98 Mass. 6, the keeper of a billiard room was indicted for admitting a minor thereto without the written consent of his parent or guardian, and the court, in construing that statute, said:

''The prohibition of the statute is absolute. The defendant admitted them to the room at his peril, and is liable to the penalty, whether he knew them to be minors or not. The offense is of that class where knowledge or guilty intent is not an essential ingredient in its commission, and need not be proved. *Commonwealth* v. *Boynton,* 2 Allen 160; *Commonwealth* v. *Farren,* 9 Allen 489; *Commonwealth* v. *Waite,* 11 Allen 264. If the minors were actually present in the room and suffered to remain therein, either by the defendant or by his servants or agents who had the charge and keeping thereof, it was irrelevant and immaterial to prove that the defendant had previously forbidden them to enter, or that he was not present when they were permitted to be there.''

In the case of *Bell* v. *State,* 93 Ark. 600, the court held that the owner of a saloon is criminally responsible for illegal sales of liquors made by his servants within the scope of their general employment.

We think that in the statute under consideration, the Legislature intended to impose the penalty irrespective of any intent on the part of the proprietor of the pool room to violate the statute.

Inasmuch as no punishment by imprisonment is provided by the statute, the judgment must be reversed and the cause remanded for a new trial.