JOHN BARTH COMPANY, Appellant, vs. BRANDY, imp., Respondent.

*February 13—March 13, 1917.*

*Intoxicating liquors: Licenses: Licensee presumed to be owner of saloon: Liability for goods sold to person in charge.*

1. A retail liquor license is a mere privilege to be enjoyed while the conditions and restrictions are complied with, implies special confidence and trust in the licensee, and can be assigned only as provided in the statute.

2. One who has obtained and holds a retail liquor license is responsible for whatever is done in that place of business by his agents, and must be presumed to be the owner and keeper of the saloon as to the general public and persons dealing with those conducting the business.

3. Thus, where B. personally obtained and held a license, although he did so for the purpose of helping one S. who ran the saloon for his own profit, he is personally liable for liquors sold to S. for such saloon, and it is immaterial whether the seller knew, at the time of the sale, that S. claimed to be the owner in fact of the business.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from a judgment dismissing plaintiff's complaint.

The plaintiff corporation is a wholesale liquor dealer. The defendant *I. Brandy* in the year 1914, on his personal application, obtained from the common council of the city of Kenosha a license to operate a saloon in that city. He was at the time and for several years had been engaged in a men's clothing and furnishing business about six or seven blocks away from the saloon. He took the license for the purpose of helping the defendant Schwartz, a poor man who wanted to run the saloon, and with the understanding that *Brandy* himself would not conduct it.

Plaintiff's salesman found defendant Schwartz in charge of the saloon and accepted Schwartz's order for goods. Under Schwartz's directions they were consigned to *I. Brandy* and delivered in Kenosha to one Grube, a drayman who was authorized to receive goods for *Brandy,* by general instructions not referring specifically to these liquors. The goods were used at the saloon in question and part payments made by Schwartz. Statements were sent by plaintiff to *Brandy,* but no response made by him, and attempts to collect of the defendant Schwartz were also made and payments made by him. Plaintiff dismissed the action as to defendant Schwartz.

Findings were made by the court to the effect that Schwartz was the owner of the saloon and the purchaser of the goods and not the agent of *Brandy,* who did not authorize Schwartz to purchase goods upon *Brandy's* credit; that *Brandy* paid none of the expenses and received none of the profits of the saloon business; that no inquiry was made by plaintiff of *Brandy* as to such sales or as to the authority of Schwartz; that plaintiff's agent knew at the time the orders for goods were taken that *Brandy* was in the clothing business; that such agent called upon the defendant Schwartz for payment, but did not demand the same of *Brandy.* Upon such findings the court determined that plaintiff was not entitled to judgment as against *Brandy,* and from the judgment dismissing the action the plaintiff appeals.

For the appellant there was a brief signed by *Geo. W. Taylor* of Kenosha, attorney, and a separate brief signed by *Umbreit, Mahon & Jenner* of Milwaukee, of counsel, and oral argument by *Mr. Taylor.*

For the respondent the cause was submitted on the brief of *Robert V. Baker* of Kenosha.

ESCHWEILER, J.    By sec. 1550, Stats., it is made a misdemeanor, punishable by fine or imprisonment in the county jail, for any person to vend, sell, deal, or traffic in spirituous or intoxicating liquors without first having obtained a license or permit therefor as required by law.    To obtain such permit under the law of this state, ch. 66, the person must make application in writing stating the kind of license applied for and designating the premises where such liquor shall be sold.    The only statutory provision for assigning or transferring such license is in case of the death, during the license year, of such licensee.    It is further provided under the same chapter that notice of such application for license shall be published before the granting thereof and a bond must be given before the delivery of the license, such bond to provide that the applicant will keep and maintain an orderly and well regulated house, will permit no gambling, and will not sell or give away liquor to certain classes of persons, such as minors or intoxicated persons.

It has already been held by this court that such a license is a mere privilege to be enjoyed while the conditions and restrictions are complied with, and implies special confidence and trust in the licensee, and from the very nature of things such license is not assignable at common law.    *State v. Bayne,* 100 Wis. 35, 75 N. W. 403.    Although the license is for a fixed term it comes to an end with the life of the licensee.    *State ex rel. Rich v. Steiner,* 160 Wis. 175, 177, 151 N. W. 256.    Even were the license assigned to Schwartz by *Brandy,* it would have been no protection for sales by

Schwartz except as agent for *Brandy.* *State v. Bayne,* *supra.*

It has also been held that the person having obtained and holding a license is responsible for whatever is done in that place of business by his agents in violation of law, even though it be against the express direction of the person having such license. *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 118 N. W. 810; *Olson v. State,* 143 Wis. 413, 127 N. W. 975; *Reismier v. State,* 148 Wis. 593, 596, 135 N. W. 153.

Under this view of the situation that the law places a person in by the obtaining of such permit to conduct a saloon, he must be presumed to be such owner and keeper as to the general public and persons dealing with those conducting the business. Therefore goods sold in the manner of the transactions in this case and used in the conduct of the business must be held to have been sold to the person who in law was charged with the conduct and management of the business. It is immaterial whether plaintiff's agent knew, at the time of the sales, Schwartz claimed to be the owner in fact of the business. The defendant *Brandy* is estopped from now asserting that he was not such owner. It is perhaps to be regretted that one who undertook to play the part of the good Samaritan should be rewarded with such a penalty as the judgment in this case must be. We feel, however, it is the better policy that a person who has assumed to the city and the public at large the position that the defendant *Brandy* did by his application for and obtaining the license should be held to all the obligations that follow such an assumption.

*By the Court.*—Judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the plaintiff against the defendant *Brandy* in accordance with the prayer of his complaint.