STATE, Respondent, vs. GRAMS, Appellant.

*October 16—November 10, 1942.*

*Cornelius P. Hanley* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Herbert J. Steffes,* district attorney of Milwaukee county, attorneys, and *Charles J. Kersten,* assistant district attorney, of counsel, and oral argument by *Mr. Kersten* and *Mr. William A. Platz,* assistant attorney general.

FAIRCHILD, J. A sale of liquor by a licensed bartender during the proprietor's absence does not relieve the proprietor of responsibility or take him out from under the condemnation of sec. 176.06, Stats., which forbids the keeping open

between 1 a. m. and 8 a. m. for the sale of liquor premises for which a retail "Class B" liquor license has been issued. Intent is not the controlling element. It seems that if the licensee (proprietor) is not excused when personally conducting the business, if he be deceived about or is ignorant of violations regarding forbidden traffic, he cannot escape the consequences of such violation by his agents to whom he has intrusted the conduct of his business. *Carroll v. State,* 63 Md. 551, 3 Atl. 29. The rule in this state has always been that in violations of statutes regulating the sale of liquor such as are here involved it is not required to show a wilful or intentional act. In *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 314, 118 N. W. 810, it was said: "We are persuaded that the legislation on the subject makes the licensee answerable for the acts of his agents, though he was absent from the place of business and had instructed the agent not to make forbidden sales." See also *Olson v. State,* 143 Wis. 413, 127 N. W. 975; *Reismier v. State,* 148 Wis. 593, 135 N. W. 153; *John Barth Co. v. Brandy,* 165 Wis. 196, 161 N. W. 766.

Appellant urges that the bartender is required to be licensed so as to relieve in some measure a proprietor who is trying to comply with regulations. It is doubtless true that by licensing the bartender a better control of the business will result and it was in the interest of further control that that feature was added. There is no reason to suppose, however, that the legislature in setting up the present laws intended to make the control of the sale of liquor less strict. The inference is quite the contrary, that the legislature intended an additional check, a further means of regulation to be added to those already existing. A somewhat similar argument was made in *Weinberg v. Kluchesky,* 236 Wis. 99, 294 N. W. 530, and it was there remarked (p. 101):

"In passing upon these contentions there are applicable the well-established principles that the legislature in the exercise of the police power may entirely prohibit traffic in intoxicating

liquors for use as a beverage, or may license such traffic conditionally by imposing such restraints or conditions upon licensees as it considers necessary and reasonable in its judgment and discretion; even though the conditions coupled with the license may be so burdensome that the business cannot be conducted successfully thereunder."

The obligation of conducting his business in compliance with regulations rests upon the tavern keeper. As a practical matter this must be so if regulation is to be effective. That this is what the legislature intended is borne out by the wording of the statutes. Sec. 176.05 (11), Stats., does provide for supervision of the sale of liquor by a licensed tavern keeper or operator, but sec. 176.06 says "No premises . . . shall be permitted to remain open for the sale of liquor. . . ." It would seem obvious that the responsibility for closing the premises rests on the owner who "permits" it to remain open. See *In re Cullinan,* 88 App. Div. 6, 84 N. Y. Supp. 492; *State v. Schnables,* 109 Ark. 429, 160 S. W. 388.

*By the Court.*—Judgment affirmed.