HERMAN ANDRAE ELECTRICAL COMPANY, Appellant, vs. GROSSMAN, Respondent.

*April 11—May 6, 1958.*

244

The cause was submitted for the appellant on the brief of *Paul L. Moskowitz,* attorney, and *Samuel J. Schrinsky* of counsel, and for the respondent on the brief of *Kohner & Howard,* all of Milwaukee.

FAIRCHILD, J. Plaintiff acted in all respects as if he were dealing with the corporation as principal through Grossman as its officer and agent. Unless the fact that Grossman individually held the liquor license compels a different result, the civil court correctly concluded that Grossman was not personally obligated to plaintiff.

Plaintiff suggests that because Grossman held the liquor license he is estopped from denying that he was dealing with plaintiff in his own behalf rather than as agent for the corporation. Plaintiff relies upon *John Barth Co. v. Brandy* (1917), 165 Wis. 196, 161 N. W. 766. There Schwartz

operated a saloon and Brandy, purely as an accommodation to Schwartz, obtained the liquor license in his own name. Brandy was in another business and had no connection with the saloon except that he held the license. Barth supplied liquor for the saloon, at Schwartz's request, and upon Schwartz's instructions it was consigned to Brandy. Barth billed it to Brandy and sued him when Schwartz failed to make full payment. This court decided that under these circumstances, Brandy, the licensee, must be presumed to be the owner and that he was estopped from asserting the contrary.

The instant case is different in two respects: In the *Barth Case,* Barth delivered and billed the goods as if the licensee were the principal; in the case before us, plaintiff treated the corporation (not the licensee) as the principal. In the *Barth Case* the goods supplied were liquor which only the licensee could lawfully sell; Brandy could not claim the liquor was sold to Schwartz without relying upon an arrangement between Schwartz and himself which contemplated unlawful sale of liquor by Schwartz. In the instant case the equipment repaired and serviced could well have been owned by the corporation and Grossman could have carried on the tavern business individually without any illegality in the arrangements between them.

A contract whereby Grossman would have agreed to act as agent for an unlicensed corporation in the sale of liquor would have been unlawful. *Brill v. Salzwedel* (1940), 235 Wis. 551, 292 N. W. 908. (We assume from the stipulation that the license was issued to Grossman, individually, and not to the corporation with Grossman its appointed agent. Sec. 176.05 (13), Stats.) But the record does not disclose the arrangement between the corporation and Grossman with respect to the sale of liquor. No claim has been made that Grossman fraudulently induced plaintiff to deal

with the corporation nor that there are circumstances other than the liquor license which would estop Grossman from claiming that in ordering repairs and servicing of equipment he was acting as agent for the corporation.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.