STATE of Wisconsin, Plaintiff-Respondent,

v.

Janet BEAUDRY, Agent, Sohn Manufacturing Company, d/b/a Village Green Tavern, Defendant-Appellant.†

Court of Appeals

*No. 83–1783–CR. Submitted on briefs March 20, 1984.—*
*Decided April 25, 1984.*
(Also reported in 349 N.W.2d 106.)

† Petition to review granted.

For the defendant-appellant, the cause was submitted on the briefs of *Gregory J. Paradise* of *Mohs, MacDonald & Widder,* of Madison.

For the plaintiff-respondent, the cause was submitted on the brief of *Lisa Kastner-Scherbert,* assistant district attorney, for Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Janet Beaudry, an agent for a corporate holder of a Wisconsin Class B retail alcohol beverage license, appeals from a judgment of conviction finding her guilty of unlawfully remaining open for business after 1:00 a.m. in violation of secs. 125.68(4)(c)1. and 125.11(1)(a), Stats.   The issues on appeal are:  (1) whether Beaudry, a registered agent of a corporate alcoholic beverage licensee, can be prosecuted for acts of an employee which violate sec. 125.68(4)(c)1., and (2) whether there is sufficient evidence to support the finding that the employee was acting within the scope of

his employment. We hold that the provisions of sec. 125.04(6)(a), Stats., together with prior case law, authorize the prosecution of a registered agent for illegal acts of an employee. In addition, we conclude that a trier of fact, acting reasonably, could have determined that the employee was acting within the scope of his employment. Accordingly, we affirm.

On February 9, 1983 at 3:45 a.m., a deputy sheriff observed the Village Green Tavern was open for business in violation of sec. 125.68(4)(c)1., Stats., which specifies the legal closing hour as 1:00 a.m. At the time, the tavern was under the control and operation of an employee who was both a bartender and bar manager. Beaudry, the registered agent for Sohn Manufacturing Company, the corporate licensee of the tavern, was not on the premises. However, on February 21, a criminal complaint was filed charging Beaudry with the after-hours violation. A jury eventually found Beaudry guilty of this offense, and she was fined $200.

On appeal, Beaudry argues that the Wisconsin Statutes do not provide for the criminal prosecution of the registered agent of a corporate alcoholic beverage licensee for acts committed by an employee of the corporation when the registered agent is absent from the premises. We disagree.

Section 125.68(4)(c)1., Stats., establishes 1:00 a.m. as the closing hour for premises holding a Class B retail liquor license. Violation of this statute is a crime under Wisconsin law. *See* secs. 125.11(1)(a) and 939.12, Stats.[1] The issue of a registered agent's criminal liabil-

---

[1] Section 125.11(1)(a), Stats., provides in relevant part: "Any person who violates any provision of this chapter for which a specific penalty is not provided, shall be fined not more than $500 or imprisoned for not more than 90 days or both."

Section 939.12, Stats., provides in relevant part: "A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both."

ity for the acts of an employee is a legal question of first impression in Wisconsin.

Under the current statutory provisions regarding the sale of alcoholic beverages, no corporation may be issued a license unless it first appoints an agent. Sec. 125.04 (6) (a) 1., Stats. Additionally, under sec. 125.04 (6) (a) 2., the corporation must vest in the agent *"full authority and control of the premises* described in the license or permit of the corporation, *and of the conduct of all business on the premises relative to alcohol beverages, that the licensee or permittee could have and exercise if it were a natural person."* (Emphasis added.) Based on the clear language of this provision, we conclude the legislature intended an agent to be the human equivalent of the license holder, the corporate entity, and to have the same responsibility for the "conduct of all business on the premises" as a human (natural person) licensee would.

Licensees who are natural persons are liable for the criminal acts of employees. A licensee is not excused from the consequences of an employee's violation even if the licensee is deceived about or ignorant of the violations of liquor laws. *State v. Grams,* 241 Wis. 493, 495, 6 N.W.2d 191, 191 (1942). The liquor laws place on the licensee the affirmative duty to see that every regulation is obeyed by his agents as well as himself. *State ex rel. Conlin v. Mayor and Common Council of Wausau,* 137 Wis. 311, 314, 118 N.W. 810, 811 (1908). The licensee's absence from the premises at the time of the employee's violation is no defense to the licensee's liability. *Grams* at 495, 6 N.W.2d at 192. Nor is the licensee's instructions to the employee forbidding the employee from doing the act a defense to the licensee's liability. *Olson v. State,* 143 Wis. 413, 414, 127 N.W. 975, 976 (1910).[2]

[2] We recognize, as the appellant points out, that these cases predate the enactment of the present statutory criminal code. This

A natural person licensee would be criminally liable for the illegal acts of the employee in this case. In keeping with the clear intent of the legislature in enacting sec. 125.04(6)(a), Stats., we hold that criminal prosecution of a registered agent for the acts of an employee is also permitted in this case. To hold otherwise would allow a natural person licensee to avoid criminal liability by simply incorporating—an absurd result in clear contravention of the legislative intent to vest an agent with full authority and responsibility for conduct of the business.

Beaudry also argues on appeal that there is insufficient evidence to support the conclusion that the employee was acting within the scope of his employment when the violation of sec. 125.68(4)(c)1., Stats., occurred. We disagree.

Here, the trial court instructed the jury that in order to find Beaudry guilty, they had to be satisfied beyond a reasonable doubt that the acts complained of were committed by the employee within the scope of his employment.[3] Beaudry does not challenge the propriety of the instructions given to the jury regarding scope of employment. Rather, she argues that the State failed to prove that the employee was acting within the scope of his employment. Because of this failure, Beaudry contends the jury verdict is not supported by sufficient evidence.

When the defendant challenges the sufficiency of the evidence, the test on review is whether the evidence presented, believed and rationally considered by the jury was sufficient to prove the defendant's guilt beyond a

---

fact alone, however, does not make these cases obsolete. In addition, we note that we are not basing Beaudry's criminal liability solely on these cases. Rather, liability is founded on sec. 125.04 (6)(a), Stats., in conjunction with the holdings and rationale of the cases.

[3] The trial court submitted Wis J I—Criminal 440 "Liability For Acts of Another" to the jury.

reasonable doubt. The test is not whether the reviewing court is convinced of the defendant's guilt beyond a reasonable doubt but whether the trier of fact could, acting reasonably, be so convinced by the evidence which it had a right to believe and accept. We may overturn a conviction only where the evidence, considered most favorably to the State and the conviction, is so insufficient in probative value and force that as a matter of law no trier of fact acting reasonably could be convinced to the degree of certitude which the law defines as beyond a reasonable doubt. *State v. Burkman,* 96 Wis. 2d 630, 643, 292 N.W.2d 641, 647 (1980).

The record contains testimony by both the employee and the complaining deputy sheriff that the employee was employed by the tavern as a bartender. There is evidence that the employee was left in charge of the tavern and that he was present in the tavern by virtue of his employment. Further, the record contains evidence that the employee had access to the tavern after hours only by virtue of his role as an employee of the licensee which vested him with the means to keep the tavern open. Based on all of this evidence, a trier of fact, acting reasonably, could conclude that the employee was acting within the scope of his employment when the sec. 125.68(4)(c)1., Stats., violation occurred. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.