McLUCAS, J., pro tem.
 

 T
 
 his is an action in claim and delivery for the recovery of a certain automobile, resulting in a judgment for damages in the sum of $1,250. By reason of the fact that at the time of the trial the automobile had been sold, possession thereof could not be delivered to the plaintiff. Defendants appeal from the judgment.
 

 
 *144
 
 At a time prior to April 3, 1922, one Walter Hodges was connected with. George M. Boss and Walter J. Boss, doing business under the name of Golden State Motor Company. While so engaged in said business said Walter Hodges, as manager, made an application on behalf of the copartnership, namely, Golden State Motor Company, to the motor vehicle department of the state of California for a dealer’s license to buy and sell automobiles, under which dealer’s license the copartnership named conducted and carried on business. On April 3, 1922, respondent, together with one E. N. Moore, entered into a written contract with said Walter Hodges, which recited that respondent and E. N. Moore had purchased and taken over one-half of the assets and liabilities of the said Golden State Motor Company, the copartnership, and under the terms of which they agreed that they employed said Walter Hodges at a certain salary, with a future or contingent interest in the business. Bespondent carried on his business under the original dealer’s license applied for and issued to his predecessors, Golden State Motor Company, a copartnership, and was doing business under said dealer’s license and under said fictitious name at the time of the transfer of the title of the automobile by Hodges to himself, to wit, on or about May 4, 1922. On April 13, 1922, respondent handed to Hodges a check for the sum of $1,215, payable by the Golden State Motor Company to Greer-Bobins Company, for the car in dispute, which was subsequently returned to respondent and then used by him as a car for demonstrating purposes. On May 3, 1922, Walter Hodges, purporting to be a co-owner of said automobile by reason of his alleged interest in the Golden State Motor Company, caused the title of said car to be transferred from the Golden State Motor Company to himself as an individual, and obtained a loan upon the car in dispute from the G. S. Donaldson Investment Company. A mortgage upon the car was taken by said corporation to secure the repayment of the loan. Hodges failed to make the payments upon the loan; whereupon the appellant G. S. Donaldson Investment Company took possession of said automobile under the terms of said mortgage. Thereupon respondent instituted a cause of action in claim and delivery to recover the automobile, or its alleged value of $1,525.
 

 
 *145
 
 The trial court’s findings were that plaintiff at all times mentioned in the complaint was, and now is, the owner and entitled to the possession of said automobile; that on or about the twenty-fourth day of July, 1922, the defendants took the said automobile from-plaintiff’s possession without plaintiff’s consent; “that at the time of such taking of said automobile by the defendants from the plaintiff, the defendant The G. S. Donaldson Investment Co. held an instrument in the form of a chattel mortgage dated May 4, 1922, upon and covering said automobile, and executed by one Walter Hodges, then in the employment of the plaintiff as a salesman, which instrument was executed in favor of the defendant, The G. S. Donaldson Investment Co., as security for the payment of a promissory note of even date therewith, executed by the said Walter Hodges, for the principal sum of four hundred fifty-seven ($457.00) dollars, payable as follows, $225.00 payable on July 5th, 1922 and $232.00 on September 5th, 1922, with interest at the rate of one per cent per month; that on said date, to-wit, May 4th, 1922, the said automobile was registered in the name of said Walter Hodges at the office of the Motor Vehicle Department of the state of California, at Sacramento, California, which registration was obtained and procured by the said Walter Hodges upon an application filed m said motor vehicle department, dated May 3rd, 1922, purporting to show a sale of said automobile by the Golden State Motor Co. to said Walter Hodges, but which said purported sale and transfer was made by the said Walter Hodges purporting to be the manager of the said Golden State Motor Co.; that at the time of the said transfer of said automobile to the said Walter .Hodges and of the execution and delivery of said chattel mortgage, the said automobile was the property of the plaintiff and not of the said Walter Hodges, and the said Walter Hodges had no right or authority whatsoever to make said transfer to himself or to execute and deliver said chattel mortgage upon said automobile to the defendant The G. S. Donaldson Investment Co. 6th. That at the time of the taking of said automobile by the defendants from the plaintiff, to-wit: July 24th, 1922, the said automobile was of the value of twelve hundred and fifty dollars; that the taking of said automobile by the defendants from the plaintiff, and the retention thereof by the
 
 *146
 
 defendants from the plaintiff, was wrongful, without the consent of the plaintiff, and without any right in the defendants, or either of them, in said automobile, and by taking said automobile and withholding the same from the plaintiff, the defendants became liable unto the plaintiff for the value of said automobile, to-wit: twelve hundred and fifty dollars, as damages suffered by the plaintiff.”
 

 Appellants contend that the evidence is insufficient to support the findings, and in support of this contention urge a noncomplianee with the provisions of the Motor Vehicle Act with respect to the name under which respondent conducted and carried on his business. The original application for a dealer’s license stated the name of the concern to be Golden State Motor Company, a copartnership, and was signed “Golden State Motor Company, by Walter Hodges, Manager.” After purchasing the business respondent continued to do business under the name of Golden State Motor Company, and did not apply for a new dealer’s license. Hodges, while in the employment of the respondent as a salesman, on May 3, 1922, reported to the division of motor vehicles the sale of the automobile in question to himself, the report being signed “Golden State Motor Company, by Walter Hodges.” On the same day, Walter Hodges applied for a new registration of the automobile in his own name and received a certificate of registration showing Walter Hodges to be the registered owner, which certificate was never signed by said Walter Hodges as legal owner. On the next day, May 4th, Hodges applied to the defendants for a loan and mortgaged the automobile as security for a loan cf $457. G. S. Donaldson testified that Hodges informed him he was part owner. and' manager of the Golden State Motor Company, and that he had bought the automobile from the Golden State Motor Company, thereby securing a registration certificate, which he showed Jo Donaldson.
 

 Under the terms of Hodges’ employment as a salesman by the respondent, Hodges acquired no interest in respondent’s business and had no interest therein at the time he dealt with said automobile and made and delivered said chattel mortgage. At the best, he had only a contingent interest, dependent upon his conduct and the quantity of business produced. The contract was dated April 3, 1922, and pro
 
 *147
 
 vided that at the expiration of twelve months Hodges should receive a one-third interest in the assets of the Golden State Motor Company, provided the parties thereto had withdrawn an equal amount of money with Hodges during said twelve months, and providing that Hodges should not drink any malt, spirituous, or vinous liquors. The contract further provided that Hodges should forfeit all his rights in case of violation of the last-mentioned portion of the agreement. Twelve months had not expired when Hodges mortgaged the automobile. It was necessary for Hodges to comply with the provisions precedent specified in the contract before he could acquire any ownership or interest in said business. Hodges, while an employee of respondent, fraudulently secured the registration of said automobile in his own name and fraudulently represented to appellants that he was the owner of said automobile; that he was part owner and manager of Golden State Motor Company; and that he had bought the automobile from said company. Appellants, relying upon these fraudulent representations, made the loan to Hodges.
 

 Appellants urge that respondent failed to comply with the provisions of section 9 of the Motor Vehicle Act by not making an application for a new dealer’s license. The original application did not disclose the names of the partners, nor is it so required. A new application likewise would not have disclosed the names of the new owners. Our attention has not been called to any provision of the Motor Vehicle Act (Stats. 1915, p. 403) requiring a new license to be taken out where the members of a partnership doing business under a fictitious name are changed; neither do we know of such provision herein. In our opinion, the evidence was sufficient to support the finding of the trial court that respondent was the owner and entitled to the possession of the automobile in question, and that said Walter Hodges had no right or authority to transfer said automobile to himself, or to execute and deliver said chattel mortgage upon said automobile to the defendant, G. S. Donaldson Investment Company.
 

 In view of the foregoing, we see no merit in appellants’ contention that respondent is estopped to assert his ownership and right to possession of said automobile. This is not a case where the evidence shows, as in
 
 Parke
 
 v.
 
 Fran
 
 
 *148
 

 ciscus,
 
 194 Cal. 284 [228 Pac. 435], a case relied upon by-appellants, that respondent was guilty of any culpable negligence in allowing Hodges to keep the certificate of registration so that he might transfer title to an innocent purchaser. In the present case the evidence shows that Hodges never had a certificate of registration until he fraudulently secured the issuance of such certificate to himself by signing the name of Golden State Motor Company, the holder of the dealer’s license, to an application for such registration and without any authority so to do. This certificate of registration, when presented to appellants, had not been signed by Walter Hodges as legal owner, which fact alone was sufficient to put appellants upon inquiry as to the authority of Hodges to transfer said automobile to himself. Appellants are thereby precluded from urging the doctrine of equitable estoppel.
 

 Appellants’ objection that excessive damages were awarded to respondent for the value of the automobile is met by the evidence submitted on the part of the respondent, which is sufficient to support the finding of the court that the value of said automobile was the sum of $1,250.
 

 The answer admits that the defendants took and retained possession of said automobile, which admission is sufficient to support the finding and judgment against Lloyd Donaldson as an officer and director of said corporation.
 

 The judgment is ordered affirmed.
 

 Houser, Acting P. J., and York, J., concurred.