SEALCELL CORP. v. L. P. BERRY, JR.

150 So. 634.
Division B.
Opinion Filed October 17, 1933.

D. C. McMullen and D. Frederick McMullen, for Plaintiff in Error;

Mabry, Reaves, Carlton & White, for Defendant in Error.

BUFORD, J.—In this case plaintiff in error sued in its then corporate name. The first paragraph of the declaration was:

"Now comes Sealcell Corporation, formerly the American Becarri Corporation, plaintiff in the above entitled cause by its attorney, D. C. McMullen, and brings its suit against L. P. Berry, Jr."

The declaration was in three counts.·

The first count was for money received by defendant for the use of the plaintiff.

It is unnecessary to consider the other counts, as plaintiff was entitled to recover upon the evidence submitted under this count. The only plea to this count was the general issue.

The proof showed transactions with the defendant by the plaintiff under its former corporate name, American Bacarri Corporation.

At the close of plaintiff's testimony defendant moved for an instructed verdict on the ground that plaintiff had failed to prove that it was entitled to recover. Thereupon counsel stipulated that jury should be discharged and the court should render judgment. This was done and judgment for defendant was rendered, to which writ of error was sued out.

The judgment should be reversed on authority of the opinions and judgments in the cases of Stewart v. Preston, et al., 80 Fla. 473, 86 Sou. 348; and Baltimore & Potomac Railroad Co. v. First Baptist Church of Washington, D. C., 34 Law Ed. 784.

In the Stewart case, *supra.,* this Court said:

"The language used in the entry of appearance signifies merely a change of name of the defendant corporation, but no change of its identity. The change in the name of a corporation has no effect whatever upon its property, rights or liabilities. It continues as before, responsible in its new name for liabilities previously contracted or in-

curred, and has the right to sue on contracts made or liabilities incurred to it—before the change. After the change it should, by proper averments showing the change, sue and be sued by its new name. The change in the name of a corporation has no more effect upon its identity, as a corporation, than the change in the name of a natural person has upon his identity. 14 C. J. 321; 7 R. C. L. 129; 1 Morawetz on Private Corporations, 354.."

The judgment is reversed and the cause remanded for further appropriate proceedings.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.