PEARSON, Judge.
The Board of County Commissioners of Dade County, Florida, was the respondent *477 to a petition for alternative writ of mandamus filed in the circuit court. The petition set forth that the board was the employer of the petitioner, a nurse in Jackson Memorial Hospital, which is operated by the county. The employee’s petition further alleged that the board, through its hospital director, transferred her from the “Group Nursing Floor” of the hospital to another position inferior to that previously held by her. After proceedings, hereinafter enumerated, a peremptory writ was issued in which the trial judge found that petitioner had wrongfully been transferred to an inferior position which was tantamount to discharge and commanded respondent to restore her to her position on the Group Nursing Floor effective February 15, 1958, and pay her a salary from that date. The respondent, Board of County Commissioners appeals, and the petitioner, employee, has filed a cross assignment of error. We hold that the trial judge erred in his finding that the transfer was tantamount to discharge and reverse with directions to quash the writ.
The facts and, the procedural outline of the cause were succinctly set forth by the trial judge:
“The petitioner alleged that on or about September 15, 1955, she was transferred from the Group Nursing Floor of Jackson Memorial Hospital by the Nursing Supervisor to another position inferior to that previously held by the petitioner. Pursuant to Chapter 27060 of the Laws of Florida, -1951, there was created by the Florida Legislature an Employees Appeal Board of Dade County, Florida, and that on or about September 26, 1955, the petitioner duly filed her bill with the Dade County Appeal Board. On or about December 14, 1955, the Dade County Employees Appeal Board filed its report, wherein upon consideration of all the testimony, it was the unanimous decision of the Dade County Employees Appeal Board that the decision of the Director of Jackson Memorial Hospital be reversed and that the petitioner be reinstated to her former position on December 16, 1955. Although the Director of Jackson Memorial Hospital was duly notified by the Dade County Employees Appeal Board of its decision of reinstatement, the Board of County Commissioners and the Director of Jackson Memorial Hospital refused to reinstate the petitioner to her former position.
“On or about December 28, 1955, the Dade County Employees Appeal Board by majority of the opinion of the members of the Dade County Employees Appeal Board ruled that the petitioner be returned to her former position as Charge Nurse on the Group Nursing Floor at Jackson Memorial Hospital.
“This Court, on May 25, 1956, duly entered its Alternative Writ of Mandamus, requiring the respondent to show cause why the Alternative Writ of Mandamus should not be made peremptory. Service was duly had upon each of the County Commissioners then in office and the respondent filed its Motion to Quash the Alternative Writ of Mandamus on July 27, 1956. By Order of this Court, dated July 30, 1956, after a hearing upon the respondent’s Motion to Quash the Alternative Writ of Mandamus, and the Court having found that the petitioner was discharged within the purview contemplated by Resolution No. 4691[1] enacted by the Board *478 of County Commissioners of Dade Comity, Florida, the respondent was required to file its Answer, which it did on August 3> 1956.
******
"This cause duly came on for final hearing before this Court, part of which, testimony was personally taken before this Court and part of which was taken before a duly appointed Commissioner, which testimony has been duly transcribed and filed in this cause.
“Upon due consideration, it is
“Ordered, Adjudged and Decreed and this Court finds that.the facts as alleged in the petitioner’s Petition for Alternative Writ of Mandamus have been substantiated by competent evidence in that the petitioner in her capacity as Charge Nurse of the Group Nursing Floor at Jackson Memorial Hospital was wrongfully transferred from said position to an inferior position at Jackson Memorial Hospital which was tantamount to a discharge of said position, and the decision of the Dade County Employees Appeal Board is hereby and herein affirmed and the Board of County Commissioners of Dade County, Florida and the Director of Jackson Memorial Hospital are commanded to accept, acquiesce in and abide by and restore the petitioner, Mrs. John Dell Frazier, to her position as Charge Nurse on the Group Nursing Floor effective as of the 15th day of Feb. 1958, and are commanded to accept, acquiesce in and abide by the restoration of the said petitioner to the status of Charge Nurse of the Group Nursing Floor at Jackson Memorial Hospital and the treatment of her in said position, and to pay unto her the prevailing salary as if she had been in said position continuously since her discharge. The respondent is not required to pay unto the petitioner the salary lost as a result of said discharge, it being the .opinion of this Court that the petitioner failed to mitigate her damages as to salary and, therefore, none are allowed as part of this Order.”
Petitioner’s asserted right is bottomed on an order of the Employees Appeal Board[2] upon an appeal of a transfer from one assignment to another. It is not disputed that, upon the record, the two duties carried the same civil service job classification. The parties have stipulated that each involved: (1) the same type of work, (2) the same salary, (3) the same hours, (4) the same shift, (5) the same unit, (6) the same supervision, and of course, (7) the same hospital. It is true that the petitioner expressed a strong personal preference for the first duty assignment. However, the only difference ascertainable from the record between the two duty assignments is that in the first petitioner always worked on the same floor, and in the second, petitioner would work on different floors each day, replacing a nurse who had the day off.
It is not our purpose to minimize the personal preference between the two duty assignments. It is understandable that a *479 person may prefer to work upon a given floor with certain companionable co-workers and even from the same desk or with the same equipment, each day. The question is not whether such a preference is reasonable but whether it is protected by law.
It is urged by the appellee that since the director assigned as one of his reasons for the administrative change his opinion that the petitioner had proved herself inefficient, the change must be a demotion. It is thereupon argued that a demotion is equivalent to a discharge. It is not necessary for us to discuss or decide the last proposition because we find that the first is not established. The management of any business, public or private, is charged with the duty of procuring the maximum efficiency reasonably obtainable from its operation. The authority to transfer and assign tasks within the organization is essential, if such efficiency is to be obtained. Cf. Tremp v. Patten, 132 Conn. 120, 42 A.2d 834. Unless these transfers violate the right of an employee they are not within the purview of the courts. Rights relating to transfer may arise either from statutory law or from private contract. There is no suggestion here that petitioner’s alleged right not to be transferred arose out of her contract with the county.
We must consider, then, if the statute referred to creates the right claimed. Chapter 27060, Laws of Florida 1951, above cited, pertains to “Discharge on Re-employment of Certain Employees.” [3] Section 9 of the act provides for appeals to the Employees Appeal Board only when an employee “shall be discharged or may be notified that his discharge is pending.” [4]
It is fundamental that an administrative agency has only that authority given it by the enabling statute. State ex rel. Hathaway v. Smith, 160 Fla. 485, 35 So.2d 650. Edgerton v. International Co., Fla.1956, 89 So.2d 488. Therefore, the order of the appeal board restoring the employee to a given duty assignment was without authority. Further the determination of the *480 trial judge that such transfer was the same as a discharge cannot supply the missing authority since the conclusion is not supported in the record by substantial evidence.
The cause is remanded with direction to quash the writ.
Reversed.
' CARROLL, CHAS., C. J., and HORTON, J., concur.

. Resolution No. 4691 of the Board of Commissioners of Dade County was entitled: “Rules and Regulations of Employees Appeal Board,” and had as its purpose the implementation of Chapter 27060 Laws of Florida 1951. [See note 2 infra] The portion of the resolution to which our attention is directed by the reference is as follows:
“Section 8. Demotions and Transfers. Any fee officer and the head of any department of the county government *478 shall have the right to demote an employee or transfer him to a different type or hind of work if such demotion or transfer is done in good faith and in the interests of the public welfare. Any employee, however, so demoted or transferred, shall have the right to demand from the fee officer or the department head, as the case may be, written reasons for such demotion or transfer. If dissatisfied, such employee may within 10 days after receipt of such written reasons, but no later, appeal to the Board in the same manner in which he might appeal a ease of discharge. * * * ”

. This board was created by Chapter 27060, Section 3, Laws of Florida 1951. It was later abolished by Chapter 30255, Section 25(b), Laws of Florida 1955. Section 25(b) of this latter Act came into effect on December 31, 1955, three days subsequent to the final ruling of the Board.

. “An Act Relating to the Discharge and Re-employment of Certain Employees of Fee Officers, Other Than the Sheriff, of Each County Having a Population in Excess of 325,000, According to the Last Preceding Federal Census, and to Certain Employees Whose Compensation is Paid By the Board of County Commissioners of Each Such County; Providing for the Selection, and Methods Thereof, of an Employees Appeal Board and the Payment of Its Expenses and Prescribing the Powers and Duties of the Same and the Compensation and Terms of Office of Members Thereof; Authorizing the Board of County Commissioners of Bach Such County to Adopt, Amend and Rescind Rules and Regulations Concerning the Discharge and Re-employment of Such Employees and Other Matters Pertaining to This Act; Making Such Rules and Regulations Binding on All; Providing for Certain Elections to Determine Whether or Not Certain Employees Shall be Exempt From the Provisions of this Act and of Such Regulations and Amendments Adopted Pursuant Hereto and for Elections for Their Later Inclusion; Providing for Seniority Credit in Certain Cases; Limiting the Jurisdiction of Courts Concerning This Act and Rules and Regulations and Amendments Thereof; Providing that This Act and All Rules and Regulations and Amendments Thereof Shall be. Construed in the Interests of the Public Welfare and Not in the Interests of Either Employers or Employees; Providing That This Act Shall Not Be Effective in Counties Which Have Civil Service for County Employees or Employees of Fee Officers; Repealing All Laws and Parts of Laws in Conflict Herewith.”

. “Each employee within the purview of this Act, who, while any regulations thereunder are in effect shall be discharged or may be notified that his discharge is pending, shall have the right to appeal his discharge or contemplated discharge to the Employees Appeal Board at any time within ten days after such discharge or notice of intended discharge, but no later. No formality shall be required to make such appeal effective, other than that the same shall be in writing addressed to the Employees Appeal Board and stating the reason why such discharge or contemplated discharge is not justified. * *