QUESTIONS: 1. Is Jackson Memorial Hospital required by law to transport emergency type patients to other hospitals if requested by patient or family? 2. Can the board of hospital trustees restrict the operation of ambulance service, under the special act [Ch. 20053, 1939, Laws of Florida] giving the hospital trustees exclusive right in the operation of Jackson Memorial Hospital? 3. Is Jackson Memorial Hospital ambulance service, being an emergency service, required to transport nonemergency (transfer) cases?
SUMMARY: Only the Board of Commissioners of Pasco County, and not its appointed Board of Trustees for the Jackson Memorial Hospital, may establish policies for the operation and financing of the hospital's ambulance service. Such ambulance service is not required by law to transport emergency patients to particular hospitals or to transport nonemergency patients. The manner in which such ambulance service is provided is within the discretion of the board of county commissioners. According to your letter, your questions are prompted by the facts that private ambulance services in Pasco County have been discontinued; the county commission has required Jackson Memorial Hospital and West Pasco County Hospital to provide ambulance service for the county; the county has not provided the funds for such service; and the revenues received for ambulance service are not sufficient to cover the cost of its operation. Consequently, you would like to know to what extent such services may be limited by the Board of Trustees of Jackson Memorial Hospital. To answer this broader question, it is necessary to examine the nature of the board of trustees and the relationship between that body and the Pasco County Commission. Jackson Memorial Hospital was established pursuant to Ch. 20053, 1939, Laws of Florida, quoted here in full: AN ACT To Authorize the Board of County Commissioners of Pasco County, Florida, to Acquire and Operate a County Hospital and Providing for Its Management. Be It Enacted by the Legislature of the State of Florida: Section 1. That the Board of County Commissioners of Pasco County, Florida, be and it is hereby authorized and empowered to purchase or otherwise acquire lands and to buy, erect or otherwise acquire buildings for a county hospital and to maintain and operate such hospital, and to appoint a board of five trustees to manage and have charge of the operations thereof. Section 2. Two members of the first board of trustees shall be appointed for a term of one year, and three shall be appointed for a term of two years. After the expiration of the terms of the two trustees appointed for one year, the terms of all trustees shall be two years. All trustees shall serve without pay; provided that each of them may at the option of the county be reimbursed for actual expenses incurred in the discharge of his duties. The board of trustees shall have exclusive management and control of the hospital and shall have power to adopt rules and regulations for its operation. Section 3. This Act shall become effective upon becoming a law. The county commissioners were authorized by the legislature to acquire, maintain, and operate the hospital and to appoint a board of trustees "to manage and have charge of the operations" of the hospital. It is true that the board of trustees was given "exclusive management and control of the hospital" and the "power to adopt rules and regulations." However, assuming — as we must — that this act of the legislature is constitutional, these phrases cannot be interpreted as granting to the board of trustees any legislative or discretionary powers whatsoever. It is elementary that an administrative agency has only those powers that are specifically granted to it and those necessarily implied from specific grants. Florida Real Estate Commission v. Williams,240 So.2d 304, 306 (Fla. 1970); Edgerton v. International Company,89 So.2d 488, 489-490 (Fla. 1956); Board of County Commissioners of Dade County v. State ex rel. Frazier, 111 So.2d 476, 479 (3 D.C.A. Fla., 1959). Therefore, it is my opinion that, at the most, Ch. 20053, supra, can be interpreted as granting the board of trustees only the authority to perform ministerial acts in carrying out operational policies established by the county commission and to adopt rules and regulations necessary to the effectuation of this limited authority. No matter how Ch. 20053, supra, is interpreted, however, one thing is clear — that the board of trustees has not been granted any specific authority to establish and operate an ambulance service. Only the board of county commissioners has this authority. Section 125.01(1)(e), F. S. Jackson Memorial Hospital is definitely a county hospital. See AGO 056-27. It was not, however, established under and pursuant to Ch. 155, F.S. (In fact, it was established two years before Ch. 155 was enacted.) The provisions of Ch. 155 do not, therefore, apply to Jackson Memorial Hospital. See Taylor v. Horn,189 So.2d 198 (2 D.C.A. Fla., 1966). For example, the five-mill limit on ad valorem taxes for hospital purposes established by ss. 155.04 and155.05 is inapplicable to Pasco County and Jackson Memorial Hospital. The legislature apparently recognized the inapplicability of Ch. 155 by specifically providing, on at least three occasions, for the funding of capital improvements to Jackson Memorial Hospital. Chapter 67- 1892, Laws of Florida; Ch. 59-726, Laws of Florida; Ch. 29403, 1953, Laws of Florida. Attorney General Opinion 057-332 (unpublished), issued to then Governor LeRoy Collins, concerned a similar situation. Alachua County General Hospital had been established pursuant to a 1925 special act of the legislature which did not provide for any board of trustees and contained very little concerning the actual operation and administration of the hospital. Subsequent special acts provided for funding for the maintenance of the hospital and additions thereto. In 1927, the board of county commissioners established a board of hospital trustees to advise and assist in the operation of the hospital. It was held in AGO 057-332 that this board of trustees could operate only as an advisory committee, that the legislature apparently intended for the hospital to be operated and administered by the board of county commissioners, and that a hospital established and operated pursuant to local and special laws could not be brought under the general law concerning the operation of county hospitals in the absence of some legislative authorization for such a transfer. Apparently in response to this opinion, the legislature enacted Ch. 59-1046, Laws of Florida. This act, rather than place Alachua County General Hospital under the provisions of Ch. 155, F.S., instead specifically provided for a hospital board of trustees and enumerated its powers and duties. In other special acts, both before and after the enactment of Ch. 155, F.S., the legislature has established other county hospitals and provided for boards of trustees therefor, with specific powers and duties different from those established in Ch. 155. See, e.g., Ch. 63-1762, Laws of Florida, providing for the establishment of West Pasco County Hospital. In sum, the provisions of Ch. 155, F.S., including those detailing powers of hospital boards of trustees and those relating to budgetary procedures, are not applicable to Jackson Memorial Hospital. The Board of Trustees of Jackson Memorial Hospital has only the authority to perform ministerial, administrative functions, as discussed above, and whatever other authority might have been specifically and lawfully delegated to it by the Pasco County Commission. Budgeting procedures for the hospital are those established by the Pasco County Commission. In light of the foregoing, it is my opinion that only the Board of County Commissioners of Pasco County may establish policies for the operation and financing of the Jackson Memorial Hospital ambulance service, not the hospital's board of trustees. The board of trustees may only effectuate these policies and has no authority to in any way restrict them. There does not appear to me to be any statutory or case law requiring the county-operated ambulance service to transport emergency patients to particular hospitals or to transport nonemergency patients. The manner in which ambulance services are provided appears to be within the sole discretion of the board of county commissioners.