QUESTION: Does a change in the corporate structure of a licensed nongovernmental postsecondary vocational, technical, trade, or business school or a change of the corporate name of such school constitute a "transfer" of its license, which is prohibited by s. 246.217, F. S.?
SUMMARY: Pursuant to s. 607.191, F. S., no amendment of the articles of incorporation of a corporation, including changes in the corporate structure or of the corporate name authorized by Ch. 607, F. S., shall affect any existing cause of action or existing rights of any person other than the shareholders. Therefore, as long as a licensed school (as defined in s. 246.203, F. S.) remains essentially the same in objectives, philosophy, curriculum, and administration, an amendment of the articles of incorporation changing the corporate structure in a manner authorized by law or changing the corporate name of such corporate licensee does not constitute a "transfer" within the purview of, and prohibited by, s. 246.217, F. S. Your question is answered in the negative. Your inquiry does not delineate the "changes in corporate structure" of the organizations or schools to which you may have specific reference, but I assume that your inquiry is in reference to those changes authorized and prescribed by s. 607.177, F. S., including a change of the corporate name. Corporations may be organized under Ch. 607, F. S., and the provisions of that statute extend to all corporations, whether for profit or not for profit. Section 607.007. Also see Ch. 608, F. S. Pursuant to s. 607.191, no amendment of the articles of incorporation, including "changes in corporate structure" or change of the corporate name authorized by s. 607.177 shall affect any existing cause of action in favor of, or against, the corporation or existing rights of any person other than the shareholders thereof. In general, a change in the corporate name has no effect on the corporation as a legal entity, nor does it affect its identity. The corporation continues, as before, to be responsible in its new name for all debts or other liabilities which it had previously contracted or incurred. Steward v. Priston, 86 So. 348 (Fla. 1920); Sealcell Corporation v. Berry,150 So. 634 (Fla. 1933); 18 C.J.S. Corporations s. 171 f., p. 571 et seq. The mere amendment of the articles of incorporation does not create a new corporation or otherwise affect its identity, or its existing rights or liabilities. 18 C.J.S. Corporations s. 84. Under s. 246.215, F. S., both the school and the agent of a nongovernmental postsecondary vocational, technical, trade, or business school (as defined in s. 246.203, F. S.) must be duly licensed. A license is in the nature of a special privilege rather than a right common to all, and is often required as a condition precedent to the right to carry on business . . . . [30 Am. Jur. Licenses s. 2, p. 325.] A license generally is regarded as a special privilege of personal trust and confidence that cannot be assigned or transferred. See Hom Moon Jung v. Soo, et ux.,167 P.2d 929; John Barth Co. v. Brandy, et al., 161 N.W. 766; In re Buck's Estate, 30 A. 821; In re Grimm's Estate, 37 A. 403; State ex rel. Gordon Memorial Hosp., Inc. v. West Virginia State Board of Examiners for Registered Nurses, et al., 66 S.E.2d 1; In re Blumenthal, 18 A. 395; State v. Lydick, 9 N.W. 560; Shannon v. Esbeco Dist. Corp., 120 S.W.2d 745; State v. Bayne, 75 N.W. 403; cf. 53 C.J.S. Licenses s. 45; 33 Am. Jur. Licenses s. 66; AGO 062-110. While the authorized officials of a licensed corporate school might sell and transfer its assets and property or dissolve the corporation, the corporation may not sell and transfer its license or privilege to operate the school and carry on its business, as the same is merely a personal privilege or right granted by the State Board of Independent Postsecondary Vocational, Technical, Trade, and Business Schools. In any event, s. 246.217, F. S., expressly prohibits the transfer of the license of either the licensed school or its agent (as defined by s. 246.203(5), F. S.). It is stated in 1 Am. Jur.2d Adm. Law s. 70, p. 866: Administrative agencies are creatures of statute and their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication. (Emphasis supplied.) See also 73 C.J.S. Pub. Adm. Bodies s. 48, p. 367, et seq.; Bd. of County Com. of Dade County v. State,111 So.2d 476, 479. An examination of the provisions of Ch. 246, F. S., fails to indicate the existence of any procedure or any authority to effectuate a transfer of a school's or agent's license. Indeed, s. 246.217, F. S., specifically provides that the licenses shall not be transferable. . . . If there is a reasonable doubt as to the lawful existence of a particular power that is being exercised . . . the further exercise of the power should be arrested. [State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908). See also State of Fla. ex rel. Barbara Greenberg v. The Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1974).] There is authority in support of the proposition that a change in membership of a firm does not constitute a transfer within the statutory prohibition. Hill v. Trexton, 23 S.W. 947; Valentine v. G.S. Donaldson Inv. Co., 260 P. 305. Accordingly, it is my opinion that, if a school remains essentially the same in objectives, philosophy, curriculum, and administration, a mere amendment of the articles of incorporation changing the corporate structure in a manner authorized by law or changing the corporate name of the licensed school is not a "transfer" as contemplated and prohibited by s. 246.217, F. S.